48115. CONTINENTAL INSURANCE COMPANY v. MERCER
et al.
48116. WOOTTEN TRANSFER COMPANY, INC. v. MERCER
et al.
48117. BRASWELL et al. v. MERCER et al.

QUILLIAN, Judge. Edortha G. Mercer and Lewis Mercer filed their complaint in the Wheeler Superior Court against Jesse C. Braswell, Oris Braswell, Ruby Braswell, Wootten Transfer Company, Inc. (hereinafter referred to as Wootten), and The Continental Insurance Company (hereinafter referred to as Continental) for the wrongful death of their daughter, Connie Mercer, and for expenses incurred in connection therewith. This action arose from a collision between an automobile in which the plaintiffs' daughter was riding and which was being driven by Jesse Braswell and a truck driven by one Police Norton and owned by Wootten. Under Code Ann. § 68-612 (Ga. L. 1937, pp. 730, 731), Continental provided liability insurance.

The defendants filed answers to the complaint. Thereafter, Continental filed its separate motion to be stricken as a party defendant. Wootten and Continental filed their joint motion for summary judgment on the ground that there were no genuine issues as to any material fact and thus they were entitled to a judgment in their favor. This was based on the proposition that there was no negligence on the part of Wootten's driver. The defendants, Ruby and Oris Braswell, filed their motion for summary judgment by which it was principally contended that they were not liable under the "family purpose car doctrine." The defendant, Jesse Braswell, made a motion in effect taking the same view that was taken by Continental and by Wooten. The defendants also moved to strike certain items of expenses claimed by the plaintiff, Lewis Mercer, on account of the death of his daughter, Connie Mercer. The trial judge entered an order overruling the defendants' motion to strike the items of expenses

claimed; he also overruled the motion for summary judgment brought by the defendants, Wootten and Continental, and overruled the motion as to the defendant, Ruby Braswell. However, the defendant Oris Braswell's motion for summary judgment was granted and he was discharged as a party defendant. Upon a certificate for immediate review, appeals were taken to this court.

Case 48115 involves Continental's appeal to this court. Case 48116 involves the appeal of Wootten to this court. Case 48117 involves the appeal of Jesse Braswell and Ruby Braswell, Jesse Braswell's appeal being predicated on the overruling of the motion to strike Continental as a party defendant, and the motion to strike certain items of expenses, while Ruby Braswell's appeal is from the overruling of her motion for summary judgment. *Held:*

1. It is urged that the plaintiff could not join the insurance company along with the motor carrier which it insured and third-party tortfeasors. In *Russell v. Burroughs,* 183 Ga. 361 (188 SE 451), by a divided decision the Supreme Court held the Motor Carrier Act of 1931 (Code § 68-612), then in effect, construed in conjunction with Code § 3-113 and the cases interpreting it did not permit a suit against a tortfeasor and his insurance carrier. Georgia Laws 1937, p. 730, amended Code § 68-612, to permit a suit against a motor carrier and the insurance carrier in the same action whether arising in tort or contract. This court in a thorough review of prior decisions held that under the provisions of such law there was a right of action against the insurance carrier, the motor carrier, and the driver of the motor carrier in the same action. *Tarrant v. Davis,* 62 Ga. App. 880, 883 (10 SE2d 636). However, because of Code § 3-113, preventing the joinder of claims ex contractu and claims ex delicto, our courts would not allow an action to be maintained against an insurance company and a third person in no way connected with such insurance company. *Reeves v. McHan,* 78 Ga. App. 305 (50 SE2d 787); *Dishinger v. Suburban Coach Co.,* 84 Ga. App. 498 (5) (66 SE2d 242).

Code § 3-113 has been repealed by the Civil Practice Act (Code Ann. § 81A-201 (a); Ga. L. 1966, pp. 609, 687; 1967, pp. 226, 242, 243, 246, 247, 249). The Civil Practice Act provides for the liberal joinder of claims and parties for the beneficent purpose of avoiding multiplicity of suits, conflicting decisions, and to see that justice and equity obtains in all situations. Code Ann. § 81A-118 (a) (Ga. L. 1966, pp. 609, 630; 1968, pp. 1104, 1108),

provides: "A party asserting a claim to relief as an original claim . . . may join, either as independent or as alternate claims, as many claims, legal or equitable, as he has against an opposing party." While Code Ann. § 81A-120 (a) (Ga. L. 1966, pp. 609, 631), further provides: "All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all of them will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all of the relief demanded."

It is plain to see from a reading of these sections and a study of the federal cases interpreting them, as well as our own recent authority, that there is now no inhibition to the joinder of actions ex contractu and those ex delicto. *North Carolina Nat. Bank v. Peoples Bank of LaGrange,* 127 Ga. App. 372 (2) (193 SE2d 571). See also *Cohen v. Garland,* 119 Ga. App. 333 (3) (167 SE2d 599). Thus, the insurance carrier, the motor carrier, and third-party tortfeasors may be proceeded against in one action.

It is argued that Code Ann. § 68-612 is a special statutory proceeding which is excluded from the purview of the Civil Practice Act. Section 81 of the Civil Practice Act (Code Ann. § 81A-181; Ga. L. 1966, pp. 609, 668; 1967, pp. 226, 241; 1968, pp. 1104, 1109) clearly and specifically provides: "This Title shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law, but, in any event, the provisions of this Title governing the sufficiency of pleadings; defenses; amendments; counterclaims; cross-claims; third-party practice; *joinder of parties* and causes . . . shall apply to all such proceedings." (Emphasis supplied.)

The trial judge properly refused to dismiss the defendant Continental.

2. Argument is made that the cost of a monument incurred as part of the burial expenses should have been stricken from the plaintiff's claim.

It is well settled that a parent can recover expenses reasonably incurred in the burial of his child who has been wrongfully killed. *Daughtry v. Stubbs,* 119 Ga. App. 429 (2) (167 SE2d 409); *Kehely v. Kehely,* 200 Ga. 41 (3) (36 SE2d 155). See also *Saunds v. Forsythe,* 112 Ga. App. 269 (1) (144 SE2d 926); *Southern R. Co.*

*v. Covenia,* 100 Ga. 46 (2) (29 SE 219). There is foreign authority for support of the proposition that a tombstone comes within the term "reasonable funeral expenses." Smith v. Farrington, 117 Tex. 459 (6 SW2d 736).

It is contended that the price of a tombstone or a monument is difficult to prove, and the question of its reasonableness is difficult to resolve and establish and thus subject to misuse. This is no basis to disallow recovery of an item which is clearly within the realm of funeral expenses. We therefore hold that a reasonable cost for a monument is a proper item for recovery in this case.

3. We now consider whether the trial judge properly denied the defendant Ruby Braswell's motion for summary judgment. The plaintiff sought recovery against her based on the "family purpose car doctrine." The defendants introduced considerable evidence, both oral and documentary, in an attempt to prove that Jesse Braswell, Ruby Braswell's son, was the owner of the vehicle. Among the evidence introduced was a bill of sale from one Jerry White to Jesse Braswell; there was also a certificate of title in Jerry White; however, the back portion thereof containing the transfer was from Jerry White to Jerry White. This apparent discrepancy was explained by Jerry White as being a mere clerical error and it should have recited a transfer from him to Jesse Braswell. Jesse Braswell in his statement also gave testimony that he purchased the car with his own money and that it was his car.

Nevertheless, the plaintiff introduced evidence by affidavit of Mrs. Mercer that, in conversation, Ruby Braswell had stated to her that she (Ruby) was the owner of the car involved in the collision. Although in construing the evidence of this sort, we are cited *Chandler v. Gately,* 119 Ga. App. 513 (167 SE2d 697), this opinion has been disapproved in *Burnette Ford v. Hayes,* 124 Ga. App. 65, 66 (183 SE2d 78), in answer to certified question, *Burnette Ford v. Hayes,* 227 Ga. 551 (181 SE2d 866). The plaintiffs as the parties opposing the motion for summary judgment are entitled to a construction of the proof offered and the inferences therefrom most favorable to their cause. *Boatright v. Padgett Motor Sales,* 117 Ga. App. 578, 581 (161 SE2d 402). The proof offered in the plaintiff's affidavit raised issues as to credibility which properly should be resolved by a jury and not by the trial court on motion for summary judgment. *Capital Auto. Co. v. GMAC,* 119 Ga. App. 186, 192 (166 SE2d 584); *Ga. Cas. &c. Co. v. Almon,* 122 Ga. App.

42, 44 (176 SE2d 205).

Moreover, in family purpose cases the principal factor "is authority and control of the vehicle, and this is not necessarily determined by title to the vehicle or payment for the expenses of operation." *Calhoun v. Eaves,* 114 Ga. App. 756, 760 (152 SE2d 805). "Agency, not ownership, is the test of liability." *Hexter v. Burgess,* 52 Ga. App. 819, 824 (184 SE 769); *Hirsh v. Andrews,* 81 Ga. App. 655, 657 (59 SE2d 552); *Hayes v. Strickland,* 112 Ga. App. 567, 570 (145 SE2d 728). Under the circumstances here, the trial judge was correct in denying the motion for summary judgment.

4. It is urged that the evidence did not show any negligence on the part of the driver of the truck and that, hence, those liable under a derivative negligence theory, to wit, Continental and Wootten, would not be liable. We are cited portions of the proof which, it is contended, show that statements contained in two affidavits on behalf of the plaintiff could not logically be accurate. However, as we have held in the previous division, the construction urged for by the defendants can not be here countenanced. The burden was upon them to negate one essential element "entitling the plaintiff to recovery under every theory fairly drawn from the pleadings and the evidence." *Saunders v. Vikers,* 116 Ga. App. 733 (2) (158 SE2d 324). There is testimony that the bright lights from the truck caused the driver of the automobile to lose control of such vehicle. Furthermore, it is also alleged that there was a failure to sound any warning to the driver of the automobile. The issues raised were not effectively and conclusively removed by the proof offered. Hence the denial of summary judgment as to this issue was proper.

5. The trial judge correctly disposed of the issues before him, and we find no reversibile error in the enumerations of error in the three cases before us.

*Judgments affirmed. Bell, C. J., and Deen, J., concur.*

ARGUED APRIL 30, 1973 — DECIDED OCTOBER 31, 1973 — REHEARING DENIED NOVEMBER 29, 1973 —

*Harris, Russell & Watkins, Philip R. Taylor,* for appellants (case Nos. 48115, 48116).

*Sharpe, Hartley & Newton, W. Ward Newton,* for appellant (case No. 48117).

*Smith & Harrington, Will Ed Smith,* for appellees.