## 51147. WILKES v. VICKERY et al.

STOLZ, Judge.

In this case the plaintiff (Wilkes) was the operator of a motorcycle which was hit by a 1970 Plymouth automobile owned by Louis Boulineau and allegedly "jointly operated by Joyce Vickery and Clyde Lawrence Vickery." Joyce Vickery was allegedly driving the Plymouth while under the influence of alcohol. The car's owner, Boulineau, was an occupant in the car when the collision occurred. Joyce Vickery was the mother of Clyde Lawrence Vickery, a 17-year-old minor. In addition to suing Boulineau and the two said Vickerys, the plaintiff sued M. M. Vickery (appellee), the husband and father of Joyce and Clyde respectively. Liability against the appellee is attempted to be predicated on the facts (1) of his family relationship to Joyce and Clyde, (2) that he was in the habit of furnishing an automobile for his wife, and (3) that at the time of the collision the Boulineau Plymouth automobile was being used for a Vickery family purpose. (Complaint, paragraph 9.) W. M. Vickery moved for summary judgment. In his supporting affidavit, he showed that on the date of the collision (September 28, 1972) he and his wife were legally separated and living apart; that, prior to that date, he had provided a Cadillac automobile for her use; that he did not furnish or authorize the Plymouth automobile to be furnished to Joyce Vickery or Clyde Vickery; that neither

Joyce Vickery nor Clyde Vickery was employed by the appellee, nor were they on any errand, task or mission for him, nor were they acting under his supervision, direction or control when they were involved in the subject collision; and that Clyde Vickery was in the care and custody of Joyce Vickery at the time by virtue of an unwritten agreement which had been in force and effect since August 1, 1972, which was reduced to writing on November 30, 1972, on which date a final judgment and decree of divorce was entered in the Chatham Superior Court dissolving the marriage of M. M. Vickery and Joyce Vickery. The plaintiff did not file any counter-affidavits in opposition to the motion for summary judgment. The motion for summary judgment was granted. Plaintiff appeals. *Held:*

"The rules applicable to the family purpose doctrine are as follows: 'To come within the application of the doctrine, the defendant must own the automobile, or at least have some recognized property interest in it or supply it, and he must have made it available for family use, rather than for use in his business. The driver must be a member of defendant's immediate household, as distinguished from a more distant or collateral relative such as a brother-in-law. The fact that the driver is an adult son usually is held, however, not to prevent the agency relation where he is still a member of the household. The car must be found to have been driven at the time with the permission or acquiescence of the defendant, although his consent may be inferred from a failure to protest at frequent violations of his orders not to use the car.' Prosser, Law of Torts (2d Ed.) p. 370, § 66." *Finnocchio v. Lunsford,* 129 Ga. App. 694 (2) (201 SE2d 1). Applying this test, it is readily apparent that the appellee's motion for summary judgment should have been sustained, as he did not own the Plymouth, supply it or have any recognized property interest in it. He did not make it available — Boulineau did. Assuming, but not conceding, that the other requirements were satisfied to show family purpose, the judge of the superior court was correct in granting the motion for summary judgment.

*Judgment affirmed. Deen, P. J., concurs. Evans, J.,*

*concurs in the judgment only.*

SUBMITTED SEPTEMBER 10, 1975 — DECIDED
OCTOBER 31, 1975.

*Pinckney R. Fleming,* for appellant.
*Falligant, Doremus, Karsman, Kent & Toporek,
Julian H. Toporek,* for appellees.