## 54711. DILLARD v. CLEMENTS.

QUILLIAN, Presiding Judge.

The plaintiff brought an action for damages against the defendant alleging that the plaintiff's automobile was struck by an automobile being driven by Mary Louise Clements; that the automobile was owned by the defendant and "was being operated by his wife, Mary Louise Clements, with his knowledge and consent. Said automobile was owned by the defendant for family uses and purposes."

The defendant, after answering, filed a motion for summary judgment based on the pleadings and an affidavit of the defendant which recited: "Richard D. Clements is the defendant named in the above-styled case. He is not now, nor was he on the date of the collision alleged in said complaint (December 21, 1976), the owner of the vehicle involved in the alleged collision with plaintiff. The certificate of title on the vehicle involved in the collision with plaintiff is attached hereto." Attached as an exhibit was the Georgia Motor Vehicle Certificate of Title showing the owner to be "Clements, Mary Louise."

On the hearing, the plaintiff made no showing in opposition to the motion and elected to stand on his pleadings. Whereupon, the trial judge granted the defendant's motion for summary judgment. This appeal followed. *Held:*

Citing Prosser, Law of Torts (2d Ed.), this court has held: "The rules applicable to the family purpose doctrine are as follows: 'To come within the application of the doctrine, the defendant must own the automobile, or at least have some recognized property interest in it or supply it, and he must have made it available for family use, rather than for use in his business . . .'" *Finnocchio v. Lunsford,* 129 Ga. App. 694 (2) (201 SE2d 1). Accord, *Kirkland v. Crawford,* 136 Ga. App. 388 (221 SE2d 482); *Wilkes v. Vickery,* 136 Ga. App. 393 (221 SE2d 244). Nevertheless, the "principal factor 'is authority and control of the vehicle, and this is not necessarily determined by title to the vehicle or payment for the expenses of operation.' *Calhoun v. Eaves,* 114 Ga. App. 756, 760 (152 SE2d 805). 'Agency, not ownership, is the

test of liability.' *Hexter v. Burgess,* 52 Ga. App. 819, 824 (184 SE 769); *Hirsh v. Andrews,* 81 Ga. App. 655, 657 (59 SE2d 552); *Hayes v. Strickland,* 112 Ga. App. 567, 570 (145 SE2d 728)." *Continental Ins. Co. v. Mercer,* 130 Ga. App. 339, 343 (203 SE2d 297). Accord, *Watson v. Brown,* 126 Ga. App. 69, 71 (189 SE2d 903). Thus, in a family purpose situation the crucial issue may be whether the defendant supplied or furnished the vehicle for family purposes.

Here, however, the pleadings are narrowly drawn and focus upon the single proposition that the defendant was the owner of the automobile. The defendant established that he was not. It then became incumbent upon the plaintiff to show under what other theory she might recover. For, the pleadings having been pierced, the burden shifted to the plaintiff to come forward with proof showing a right to recover or else suffer judgment. *Richards v. Tolbert,* 232 Ga. 678 (208 SE2d 486). The plaintiff failed to accomplish this and it was not error to grant judgment for the defendant.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

SUBMITTED OCTOBER 12, 1977 — DECIDED JANUARY 10, 1978.

*M. Stan Ballew, Henry Bostick,* for appellant.
*Reinhardt, Whitley & Sims, Ralph S. Simpson,* for appellee.