55522. JENKINS v. LAMPKIN et al.

McMURRAY, Judge.

On October 19, 1971, at approximately 7:20 a.m., Mrs. Edna Deloris Jenkins, while driving her 1960 Plymouth automobile (her husband Mark Jenkins riding with her), entered the south bound portion of Interstate 20 from the ramp at Six Flags Road in Cobb County, Georgia. Almost immediately after she entered the interstate highway her vehicle was struck in the rear in a collision with a tractor-trailer, owned by Riverside Motor Lines, Inc. and being operated by Pierce Lampkin, its agent and servant. The trailer contained a load of bricks.

Contending that she suffered personal injuries, pain and suffering, certain medical expenses and lost wages, Mrs. Jenkins sued Lampkin and his employer for $150,000 damages.

Defendants answered admitting generally the jurisdiction of the court and the above circumstances as to the collision but otherwise denied defendant's claim for

damages, contending that neither of the two defendants was negligent and that the negligence of the plaintiff caused said collision. By counterclaim defendant Riverside Motor Lines, Inc. sought damages for the loss of the tractor-trailer and the load of bricks for the total sum of $8,500. Defendant Lampkin sought damages for serious personal injuries, pain and suffering, medical expenses and loss of income in the amount of $5,655.42.

The case was tried before a jury and at the conclusion of plaintiff's evidence defendants moved for directed verdict, contending plaintiff had failed to make out a prima facie case of any negligence or wrongdoing on the part of defendants. This motion was granted; however, no judgment was then entered as to the grant of the motion. The case then proceeded to trial on the counterclaim. The jury returned a verdict for the defendant Riverside Motor Lines, Inc. in the amount of $5,810 and in favor of defendant Lampkin for $750. A motion for new trial was then filed and later amended and after a hearing denied. Plaintiff appeals. *Held:*

1. Generally, issues of negligence in tort cases are jury questions and should not be controlled by the court as a matter of law. *Powell v. Berry,* 145 Ga. 696 (2) (89 SE 753); *Sheppard v. Martin,* 100 Ga. App. 164-166 (110 SE2d 429). As has been so cogently repeated by Justice Hall (Presiding Judge, Court of Appeals at that time) in *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259, 260 (174 SE2d 178), issues of negligence are not ordinarily susceptible of summary adjudication but should be resolved by a jury where the standard of the reasonable man must be applied to conflicting testimony; and even if the facts are not in dispute it is usually for the jury to say whether the conduct in question met the standard of the reasonable man. See such cases as *Kesler v. Kesler,* 219 Ga. 592 (1) (134 SE2d 811); *Norris v. Coffee,* 206 Ga. 759 (4) (58 SE2d 812); *Gordon v. Carter,* 126 Ga. App. 343, 345 (190 SE2d 570) and cits.

The evidence here was in conflict as to how the collision occurred other than that it was a rear-end collision, after the plaintiff drove into the traffic on the expressway from the acceleration lane; and in particular as to the amount of traffic on the expressway, as to the

movement or speed of the various vehicles, and as to whether or not the plaintiff or the defendant exercised ordinary care and diligence — the plaintiff in entering traffic ahead of the tractor-trailer which then collided with the vehicle driven by plaintiff; and the defendant driver in controlling his vehicle to avoid the collision. Clearly, as was stated in *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448, 451 (224 SE2d 25) (although the verdict was there directed for the plaintiff as shown in *Atlanta Coca-Cola Bottling Co. v. Jones,* 135 Ga. App. 362 (218 SE2d 36)), "[i]n rear-end collision cases the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence, and proximate cause . . . [and]. . . these issues should be resolved, . . . by the jury and not by trial and appellate judges." The trial court erred in directing the verdict against the plaintiff in favor of the defendants.

2. In the charge of the court in instructing the jury as to the liability of plaintiff in considering the counterclaim in which defendants sought judgment against plaintiff, the trial court erred in charging that if the evidence was equally balanced it would be the jury's "duty to return a verdict in favor of the defendant[s]." The burden of proof by the defendants on their counterclaim remained with the defendants, and particularly so, after the main action was no longer pending in the case. See Code §§ 38-103 and 38-104. Compare *Courson v. Pearson,* 132 Ga. 698 (2) (64 SE 997); *Southern R. Co. v. Fleming,* 141 Ga. 69 (2) (80 SE 325); *Whitley v. Wilson,* 90 Ga. App. 16 (3), 18 (81 SE2d 877). Likewise, for the same reason the charge that a verdict for defendants "would leave both of the parties in this case where you found them," is also erroneous. However, as a new trial will be necessary these instructions may not ever be used again, whether they were intentional on the part of the court or a mere slip of the tongue in both instances.

3. The court did not err in charging the rule of sudden emergency, for the defendants' contentions and proof were that the defendant driver of the tractor-trailer was faced with a sudden emergency when plaintiff changed from the acceleration lane to the adjoining lanes upon the expressway, and it was for the jury, in

considering all the evidence, to determine whether or not this created any emergency situation. See *Ford v. Pinckney,* 138 Ga. App. 714, 716 (3b) (227 SE2d 430); *Christiansen v. Robertson,* 140 Ga. App. 725 (231 SE2d 828). Compare *Davis v. Calhoun,* 128 Ga. App. 104 (1), 105-107 (195 SE2d 759).

4. Since there was no evidence of any yield sign in entering from the acceleration lane into the driving lanes of an expressway (I-20) having two or more lanes for traffic, the trial court erred in giving the substance of Code Ann. § 68A-403 (c) (Ga. L. 1974, pp. 633, 657), and in thereafter substituting the language of Code Ann. § 68-1652 (Ga. L. 1953, Nov. Sess., pp. 556, 590), neither of which statutes applies to a vehicle under the facts of this case, changing from an acceleration lane into a driving lane of an expressway. The collision here occurred in 1971, and Code Ann. § 68A-403 (c), supra, was not adopted into law until 1974. Code Ann. § 68-1652, supra, was repealed in 1974 with the establishment of Title 68A to be known as "Motor Vehicles-The Uniform Rules of the Road." Relying on the record and transcript in this case it appears that the correct statutory law was and is found in Code Ann. § 68-1640 (a) (Ga. L. 1953, Nov. Sess., pp. 556, 584; 1967, pp. 542, 543; since repealed by Ga. L. 1974, pp. 633, 691, now Code Ann. § 68A-309, at page 654 of Ga. L. 1974), as to the rules of the road when changing lanes on a multiple lane road. The charge as given was inapt. As a new trial is necessary, this enumeration of error is considered here in order to avoid further error should the facts be the same upon a retrial of this case.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

Submitted March 7, 1978 — Decided April 15, 1978.

*Surrett, Thompson, Bell, Choate & Walker, Carl J. Surrett, Hull, Towill, Norman, Barrett & Johnson, Patrick J. Rice,* for appellant.

*Kenneth R. Chance, Ben Swain McElmurray, Jr.,* for appellees.