## 56196. SOUTH et al. v. MARTIN et al.

SHULMAN, Judge.

Appellants sued appellee, appellee's wife and another for damages. Appellants alleged that the car appellee's wife was driving was furnished by appellee as a family purpose car. This appeal follows the grant of summary judgment in favor of appellee.

Affidavits in support of the motion for summary judgment made by appellee and his wife showed that the wife purchased the automobile with her own money, that title was in her name, that she maintained the car and that she had exclusive control over the vehicle; that

appellee had no control over the car in question and that the car was not used for the benefit of appellee or his family. A certificate of title showing the car to be in the wife's name accompanied the affidavits. The only counter-affidavit presented by appellants was that of a corporal of the Georgia State Patrol, averring that in response to his inquiry, appellee's wife had stated to him that appellee owned the car.

This case is controlled by *Dillard v. Clements,* 144 Ga. App. 512 (241 SE2d 838). "Citing Prosser, Law of Torts (2d Ed.), this court has held: 'The rules applicable to the family purpose doctrine are as follows: "To come within the application of the doctrine, the defendant must own the automobile, or at least have some recognized property interest in it or supply it, and he must have made it available for family use, rather than for use in his business..." ' [Cits.] Nevertheless, the 'principal factor "is authority and control of the vehicle, and this is not necessarily determined by title to the vehicle or payment for the expenses of operation." [Cits.] "Agency, not ownership, is the test of liability." [Cits.]' [Cits.] Thus, in a family purpose situation the crucial issue may be whether the defendant supplied or furnished the vehicle for family purposes."

Appellee's affidavits conclusively established that appellee did not supply or furnish the vehicle for family purposes. Under the sole issue in this case, it was incumbent upon appellant to show under what theory as set forth in *Dillard,* supra, a right of recovery existed. The Georgia state patrolman's single affidavit relating to ownership failed to accomplish this purpose.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED JUNE 27, 1978 — DECIDED SEPTEMBER 12, 1978.

*Denny C. Galis,* for appellants.
*Floyd W. Keeble, Jr., Rodger E. Davison,* for appellees.