61520, 61521. WAGNER v. TIMMS; and vice versa.

CARLEY, Judge.
Appellant-plaintiff brought suit for damages based on the alleged negligent treatment rendered by the appellee-defendant doctor in connection with an injury to a finger on appellant's right hand. At the conclusion of all the evidence presented at trial, the trial court directed a verdict in favor of appellee and judgment was entered accordingly. The main appeal is from that judgment. In the cross-appeal, appellee contends the trial court erroneously admitted into evidence the deposition of Dr. Neubiser, a non-resident physician and appellant's only expert witness.

1. "To establish professional medical negligence the evidence presented by the patient must show a violation of the degree of care and skill required of a physician. Code Ann. § 84-924. Such standard of care is that which, under similar conditions and like circumstances, is ordinarily employed by the medical profession generally. [Cits.] There is a presumption that medical or surgical services were performed in an ordinary skillful manner and the burden is on the plaintiff to show failure to exercise due care and skill. [Cits.] Excepting in a few extreme circumstances, the question of compliance with the required standards must be presented through expert testimony. [Cits.]" *Kenney v. Piedmont Hospital,* 136 Ga. App. 660, 664 (222 SE2d 162) (1975); see also *Slack v. Moorhead,* 152 Ga. App. 68, 71 (262 SE2d 186) (1979).

Under the foregoing principles, the ultimate issue to be resolved in the main appeal is whether the evidence presented on behalf of appellant was sufficient to establish the medical standard which the jury would be required to utilize in measuring the actions of the

appellee ˙doctor—that degree of care which, under similar circumstances and conditions, is ordinarily employed by the medical profession generally. As previously noted, the deposition of Dr. Neubiser was the only expert testimony introduced on behalf of appellant. We have carefully reviewed this testimony and find no evidence of the standard of care and skill that would ordinarily be employed by the medical profession generally with respect to a patient exhibiting the physical conditions shown by appellant. Dr. Neubiser's testimony that in *his opinion* certain procedures should have been utilized and that he thought it advisable for post-reduction X-rays to be taken did not establish the standard of the medical profession generally, a breach of which could be construed as negligence. *Mayo v. McClung,* 83 Ga. App. 548, 556 (2a) (64 SE2d 330) (1951); *Kenney v. Piedmont Hospital,* supra; *Slack v. Moorhead,* supra. Also, Dr. Neubiser's testimony that a general surgeon in a "sophisticated medical community" should not attempt to treat an injury like appellant's was of no evidentiary value as it was obviously predicated on the standard of care and skill exercised by the profession locally rather than the profession generally. *Fain v. Moore,* 155 Ga. App. 209 (270 SE2d 375) (1980).

Testimony establishing the proper medical standard was required because a jury cannot reasonably be expected to apply negligence principles to medical conduct absent competent evidence of what degree of skill and care the medical profession generally would have exercised under similar circumstances. It would be impermissible for the jury to use any arbitrary standard they may wish to apply. *Pilgrim v. Landham,* 63 Ga. App. 451 (4) (11 SE2d 420) (1940); *Washington v. City of Columbus,* 136 Ga. App. 682, 690 (222 SE2d 583) (1975); *Hughes v. Malone,* 146 Ga. App. 341, 345 (247 SE2d 107) (1978).

Code Ann. § 81A-150 (a) provides: ". . . If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." However, "[t]he mere existence of conflicts in the evidence does not render the direction of a verdict erroneous if it was demanded, either from proof or from lack of proof on the controlling issue or issues. [Cit.]" *Carr v. Jacuzzi Bros.,* 133 Ga. App. 70, 74 (210 SE2d 16) (1974); see also *Lingo v. Kirby,* 142 Ga. App. 278, 279 (236 SE2d 26) (1977). Appellant failed to introduce expert testimony showing the parameters of acceptable medical conduct generally under similar facts and circumstances, a significant deviation from which would constitute medical negligence by appellee. *Self v. Exec. ˙Committee of Ga. Baptist Convention,* 245 Ga. 548 (266 SE2d 168) (1980). Therefore, pretermitting a

determination of the underlying propriety of the trial court's admission into evidence of Dr. Neubiser's deposition, the appellant failed to prove an essential element of his case and, therefore, the trial court did not err in directing a verdict in favor of appellee. *Slack v. Moorhead,* supra.

*Judgment affirmed in Case Number 61520; appeal dismissed in Case Number 61521. Deen, P. J., and Banke, J., concur.*

DECIDED MAY 15, 1981.

*Charles R. Ashman,* for appellant.
*William P. Franklin, Jr.,* for appellee.