### 65700. MURCH v. BROWN.

POPE, Judge.

The sole issue in the case at bar is whether the trial court erred in denying defendant's motion for summary judgment, implicitly finding that a genuine issue of material fact exists as to defendant's alleged liability under the "family purpose doctrine."

When the conditions for application of the family purpose doctrine are present, vicarious liability may be imposed upon a family member (usually the head of household) for the negligence of another family member under a fictitious agency theory. *Finnocchio v. Lunsford,* 129 Ga. App. 694 (2) (201 SE2d 1) (1973). " 'To come within the application of the doctrine, the defendant must own the automobile, or at least have some recognized property interest in it or supply it, and he must have made it available for family use, rather than for use in his business. The driver must be a member of defendant's immediate household. . . . The car must be found to have

been driven at the time with the permission or acquiescence of the defendant, although his consent may be inferred from a failure to protest at frequent violations of his orders not to use the car.' " *Finnocchio v. Lunsford,* supra at 694-95, quoting Prosser, Law of Torts, § 66 at 370 (2d ed. 1955). Accord, *South v. Martin,* 147 Ga. App. 198 (248 SE2d 230) (1978); *Dillard v. Clements,* 144 Ga. App. 512 (241 SE2d 838) (1978); *Wilkes v. Vickery,* 136 Ga. App. 393 (221 SE2d 244) (1975); see also Eldridge, Annual Survey of Georgia Law, Torts, 30 Mercer L. Rev. 215, 229-30 (1978).

It is noteworthy that the court in *Finnocchio* chose the language from Prosser's second edition of his Law of Torts and that this court has continued to follow that language in the subsequent cases. The reason it is noteworthy is that the third and fourth editions of Prosser's Law of Torts were in print at the time and, in the fourth edition, Prosser made a subtle, but material, change in his statement of the doctrine. In that edition, he added "control" as an alternative to the condition of defendant's ownership of, having a recognized property interest in, or supplying of the vehicle. Prosser, Law of Torts, § 73 at 484 (4th ed. 1971). Although Prosser cited a Georgia case in support of this added alternative ( *Hexter v. Burgess,* 52 Ga. App. 819 (4, 5) (184 SE 769) (1936)), Georgia courts have not applied this element in this manner. Rather than using control of the vehicle limitedly as an alternative to ownership of, having a recognized properly interest in, or supplying of the vehicle, Georgia courts have used authority and control as the "principal factor" in determining whether liability accrues under the doctrine. *South v. Martin,* supra at 199; *Dillard v. Clements,* supra at 512; see also *McCray v. Hunter,* 157 Ga. App. 509, 510-11 (277 SE2d 795) (1981). The four conditions prescribe the parameters of the family purpose doctrine, as is shown by the preface: "To come within the application of the doctrine, the defendant must. . . ." *Finnocchio,* supra. The doctrine is then applied to render the defendant vicariously liable if he had the right to exercise such authority and control that it may be concluded that an agency relationship existed between him and the family member with respect to the use of the vehicle. In other words, the four conditions prescribe when the test is to be applied, but the actual test is authority and control. See *South v. Martin,* supra at 199; *Dillard v. Clements,* supra at 512-13.

We turn now to the facts in the case at bar. The evidence in the record shows that defendant's daughter was driving an automobile, looking for her brother in order to give him a ride home, when she was involved in a collision with plaintiff, riding on a motorcycle. Defendant's daughter was eighteen years old at the time, a high school graduate and she was then working full time. She was,

however, living at home and subject to her parents' general supervision. She had purchased the automobile only a few months before the collision and defendant had co-signed the note financing the car. The title to the car was in her name. She had the only set of keys to the car and she was the only family member to drive it. She paid the operational expenses. The payments to the financing company were made by check, signed by defendant or his wife, drawing funds from their joint checking account. Defendant's daughter, however, testified in her deposition that she gave defendant cash to cover each payment beforehand. By affidavit, both she and defendant averred that defendant exercised no authority or control over the use of the vehicle.

Viewing this evidence most strongly in favor of plaintiff, it shows that (or at least creates a genuine issue as to whether) defendant supplied the automobile (shown by the evidence, though contradicted, that he paid for it) to a member of his immediate household (his daughter living at home) for family use (see particularly *Calhoun v. Eaves,* 114 Ga. App. 756, 759 (152 SE2d 805) (1966)) and that the automobile was being driven with his acquiescence at the time of the collision. We thus conclude that the conditions for the applicability of the doctrine have been satisfied sufficiently to survive the motion for summary judgment in this regard.

The evidence further creates an inference that defendant had the right to exercise authority and control over the use of the vehicle. The conclusory statements of defendant and his daughter to the contrary do not eliminate that inference. *Watson v. Brown,* 126 Ga. App. 69, 71-72 (189 SE2d 903) (1972); see also *Peterson v. Midas Realty Corp.,* 160 Ga. App. 333, 335 (287 SE2d 61) (1981); *Harvey v. Matthews Contracting Co.,* 114 Ga. App. 866 (1) (152 SE2d 809) (1966). Defendant has therefore failed to "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law. . . ." OCGA § 9-11-56(c) (formerly Code Ann. § 81A-156(c)). We hold that defendant's motion for summary judgment was properly denied.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED MAY 5, 1983.

*Julian M. Treadaway,* for appellant.
*Penelope W. Rumsey,* for appellee.