## 66034. SMITH v. MORICO et al.

DEEN, Presiding Judge.

Appellant Geneva Smith received injuries to her back and neck of the kind known as "whiplash" when the taxicab in which she was a passenger was struck from the rear by an automobile owned and driven by appellee Morico. She brought an action against the driver of the cab, the owner of the cab company, and appellee Morico, alleging negligence on the part of the two drivers and vicarious negligence on the part of the owner.

At the close of plaintiff's evidence appellee moved for a directed verdict in his favor, on the ground that no evidence of actionable negligence on his part had been adduced. The court granted the motion, thereby dismissing appellee from the main case. The jury subsequently found for the plaintiff against the other two defendants, who are not parties to this appeal. Appellant assigns as error the trial court's award of a directed verdict in favor of appellee Morico. *Held:*

The record sustains appellee's contention that there was offered at trial no competent evidence of fault on his part. The only evidence presented on this issue was the testimony of appellant Smith herself, who admittedly did not see appellee's oncoming car until after the collision had occurred and who therefore was not competent to testify as to appellee's speed, position on the roadway, or manner of operating his vehicle. Smith did not call the cab driver to testify in this regard and did not object to the court's refusal to allow him to testify because he had failed to file an answer and was therefore in default. Moreover, the cab driver's default was tantamount to admission of the allegations of the complaint, including that, without exercising due care, he drove into the middle lane, where appellee was driving and where the collision occurred. This tacit admission had the effect of tending to exculpate Morico.

Smith thus failed to establish the elements of negligence and thereby to make out a prima facie case against appellee. Plaintiff's evidence suggested only the elements of duty and injury with reference to appellee Morico; nothing was offered to indicate breach of duty or causation on his part. It is axiomatic that "[t]he mere fact that an accident happened and the plaintiff may have sustained injuries or damages affords no basis for recovery against [a particular] defendant unless the plaintiff carries the burden of proof and shows that such accident and . . . damages were caused by specific acts of negligence on the part of [that] defendant . . ." *Brown v. Kirkland,* 108 Ga. App. 651, 655 (134 SE2d 472) (1963). Moreover,

"[n]egligence is not to be presumed . . . In the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence." *Orkin Exterminating Co. v. Stevens,* 130 Ga. App. 363, 368 (203 SE2d 587) (1973). While it is true that questions of negligence are ordinarily for the trier of fact, *Thompson v. Walker,* 162 Ga. App. 292 (290 SE2d 490) (1982), plaintiff here has failed to establish any relationship between the collision and the conduct of appellee beyond the fact that his car was involved. Where "[p]laintiff simply fail[s] to prove his case . . . the direction of a verdict [is] proper . . . The mere existence of conflicts in the evidence does not render the direction of a verdict erroneous if it was demanded, either from proof or from lack of proof on the controlling issue or issues." *Carr v. Jacuzzi Bros.,* 133 Ga. App. 70, 74 (210 SE2d 16) (1974); *Wagner v. Timms,* 158 Ga. App. 538 (281 SE2d 295) (1981); OCGA § 9-11-50 (Code Ann. § 81A-150).

The trial court did not err in directing a verdict for appellee.

*Judgment affirmed. Banke, Birdsong, Sognier and Pope, JJ., concur. Shulman, C. J., Quillian, P. J., McMurray, P. J., and Carley, J., dissent.*

DECIDED MAY 25, 1983.

*R. Wade Gastin, Rowe Brogdon, Jack P. Friday, Jr.,* for appellant.
*R. Stephen Sims, A. Martin Kent,* for appellees.

CARLEY, Judge, dissenting.

I cannot agree with the majority that the trial court correctly directed a verdict in favor of the defendant in this rear-end collision case. At the heart of the majority's conclusion that this is one of the rare cases wherein the submission to the jury of the issues of negligence and contributory negligence is not warranted, is the majority's statement that "the record sustains appellee's contention that there was offered at trial no competent evidence of fault on his part." My review of that same record compels me to reach the opposite conclusion. I do agree with the majority that "the only evidence presented on this issue was the testimony of appellant Smith herself, who admittedly did not see appellee's oncoming car until after the collision had occurred . . ." However, this true statement does not necessarily support the majority's following analysis that the appellee "therefore was not competent to testify as to appellee's speed, position on the roadway, or manner of operating

his vehicle". While there was no direct testimony in this regard, the appellant did testify that the taxi cab, in which she was a passenger, pulled out onto the roadway and that the roadway was clear and unobstructed at that time. Appellant also stated that the taxi cab attained a speed of 35-40 miles per hour, was not slowing down, and so proceeded down the highway for a quarter of a mile when suddenly and without warning, "it hit so hard I hit the front seat of the cab first, then I came back and I hit the back of the cab." The appellant furthur testified that after she got into the ambulance with defendant driver, she smelled a strong odor of alcohol coming from the defendant.

"The evidence here was in conflict as to how the collision occurred other than that it was a rear-end collision, after the [taxi cab] drove into the traffic on the [roadway . . .;] and in particular as to the amount of traffic on the [road], as to the movement or speed of the various vehicles, and as to whether or not the [taxi cab driver] or the defendant exercised ordinary care and diligence — the [taxi cab driver] in entering traffic ahead of the [defendant's car] which then collided with the vehicle [containing] plaintiff; and the defendant driver in controlling his vehicle to avoid the collision. Clearly, as was stated in *Atlanta Coca-Cola Bottling Co. v. Jones,* 236 Ga. 448, 451 (224 SE2d 25) (although the verdict was there directed for the plaintiff as shown in *Atlanta Coca-Cola Bottling Co. v. Jones,* 135 Ga. App. 362 (218 SE2d 36)), '[i]n rear-end collision cases the liability, degree of liability, or lack of liability on the part of any involved driver depends upon a factual resolution of the issues of diligence, negligence, and proximate cause . . . [and] . . . these issues should be resolved, . . . by the jury and not by trial and appellate judges.' The trial court erred in directing the verdict against the plaintiff in favor of the defendants." *Jenkins v. Lampkin,* 145 Ga. App. 746, 747 (244 SE2d 895) (1978). It is my opinion from a review of the instant record that, as in *Jenkins,* the trial court in this case incorrectly withdrew the controlling issues from consideration by the jury, and that the direction of a verdict for appellee was error. Accordingly, I must respectfully dissent.

I am authorized to state that Chief Judge Shulman, Presiding Judge Quillian and Presiding Judge McMurray join in this dissent.