67931. LIPE v. COOMLER et al.
68129. STANFIELD et al. v. LIPE.

POPE, Judge.
Plaintiff-appellant Lipe brought suit for personal injuries received when Lipe's car collided with one driven by Bryan Coomler. Appellees Stanfield, Mobley, and Bryan's father, Charles Coomler, were later added as defendants. Prior to trial, Charles Coomler's motion for summary judgment was granted. At trial, Stanfield's motion for directed verdict was granted at the close of Lipe's evidence. The trial court granted Mobley's motion for directed verdict at the close of all the evidence. A verdict in the amount of $49,038 was returned by the jury against Bryan Coomler. Lipe appeals the grant of summary judgment to Charles Coomler, and the grant of Stanfield's and Mobley's motions for directed verdict.

1. Charles Coomler's addition as a defendant in the original lawsuit against his seventeen-year-old son, Bryan, was predicated upon Lipe's assertion that the father was liable under the family purpose doctrine. By deposition, Charles Coomler testified that the car driven by Bryan at the time of the accident was bought by Bryan for his own use with money earned solely by him. The title to the vehicle was in Bryan's name, no one else drove it, and Bryan had the only keys to it. Charles Coomler contributed no money toward the purchase cost or the gasoline, insurance or maintenance of the car. Charles Coomler had no property interest in the vehicle, nor did he restrict Bryan's use of it. At the time of the accident, the automobile was not being operated in performance of any service on behalf of Bryan's family.

Under this court's recent opinion in *Price v. Bone*, 166 Ga. App. 714 (305 SE2d 451) (1983), we find the foregoing uncontroverted facts sufficient to pierce Lipe's pleadings alleging Coomler's liability under the family purpose doctrine. See *South v. Martin*, 147 Ga. App. 198 (248 SE2d 230) (1978); *Calhoun v. Eaves*, 114 Ga. App. 756 (152 SE2d 805) (1966). See generally *Finnocchio v. Lunsford*, 129 Ga. App. 694 (2) (201 SE2d 1) (1973); *Scales v. Peevy*, 103 Ga. App. 42, 46 (118

SE2d 193) (1961). Cf. *Murch v. Brown*, 166 Ga. App. 538 (304 SE2d 750) (1983). The trial court properly granted Charles Coomler's motion for summary judgment.

2. Appellant Lipe's challenges to the trial court's grant of directed verdicts to Stanfield and Mobley will be addressed together. Lipe's theory of their liability is based upon his contention that Bryan Coomler, Stanfield, and Mobley, each driving a separate car, were racing on the night of the accident and that their concerted activity or joint venture proximately caused the collision. First of all, no evidence was presented to contradict the testimony of the three drivers or their passengers that any of the cars had been or were driven at a speed in excess of the posted limit on the night of the accident. All direct evidence on this issue negates the theory of drag racing. Lipe relies on admittedly circumstantial evidence in support of this contention. This evidence is as follows: Bryan Coomler, Stanfield and Mobley, all friends and teenagers, along with other passengers, met at an "Arby's" restaurant on Fairburn Road in Douglasville. They agreed to travel to Mableton for pizza and a movie. The drivers took the same route, turning south on Fairburn Road toward I-20 east. Mobley left "Arby's" first, then Coomler, followed by Stanfield. Both Mobley and Coomler moved into the inside lane of the four-lane road. Stanfield was unable to do so immediately due to another car behind Coomler, so he pulled out into the right or outside lane. He drove in the outside lane alongside Mobley, then entered the left-hand lane behind Coomler. With his turn signal on, Mobley stopped to allow northbound traffic to proceed so that he could make a left turn onto the entrance ramp to I-20 east. Lipe testified that although Mobley turned left in front of him as he was proceeding north, he knew he would not hit him. Behind Mobley, Coomler next positioned his car in the left lane to make the same turn at a speed of no more than 10 miles per hour. As he did so, Lipe hit Coomler head-on. Stanfield, two or three car-lengths behind, swerved to the right lane to avoid hitting Coomler's car which was pushed approximately seven feet by the impact. At the time of the collision, Mobley's car was halfway down the entrance ramp. Both Mobley and Stanfield stopped at the scene of the collision. Neither the Mobley nor the Stanfield car was involved in the collision itself. Neither driver was charged with any offense relating to it. In fact, the investigating officer testified that the only indication of any racing activity was based upon a rumor heard several days after the accident. He was unable to remember the source of the rumor.

Lipe's burden at trial required that he show negligence on the part of Mobley and Stanfield. Further, such negligence must be shown to have proximately caused Lipe's injury. Lipe alleged that Mobley, Coomler and Stanfield were racing prior to the collision. We

recognize that questions of negligence and proximate cause are usually for jury determination. *Bennett v. Haley*, 132 Ga. App. 512 (14) (208 SE2d 302) (1974). However, "[w]here there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict, such verdict shall be directed." *Gibson v. Talley*, 162 Ga. App. 303, 304 (291 SE2d 72) (1982). See OCGA § 9-11-50 (a). "When the party upon whom the burden of an issue rests seeks to carry it, not by direct proof, but by inferences, he has not . . . submitted any evidence for a jury's decision, until the circumstances he places in proof tend in some proximate degree to establish the conclusion he claims . . . ." *Ga. R. &c. Co. v. Harris*, 1 Ga. App. 714, 717 (57 SE 1076) (1907). "There must be more than a 'scintilla' of circumstances to carry the case to the jury. [Cits.] More than a 'scintilla' of circumstances 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' [Cit.]" *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178, 182 (129 SE2d 408) (1962). Accord *Layton v. Knight*, 129 Ga. App. 113 (1) (198 SE2d 915) (1973). Lipe's evidence on the issue of the liability of Mobley and Stanfield amounted only to conjecture and as such was insufficient to get to the jury. See *Pa. Millers Mut. Ins. Co. v. Heule*, 140 Ga. App. 851 (232 SE2d 267) (1976). The trial court committed no error in granting Mobley's and Stanfield's motions for directed verdict. See *Carr v. Jacuzzi Bros.*, 133 Ga. App. 70 (7) (210 SE2d 16) (1974).

3. The cross-appeal is rendered moot by affirmance of the main appeal. *Wagner v. Timms*, 158 Ga. App. 538 (2) (281 SE2d 295) (1981).

*Judgment affirmed in Case No. 67931; appeal dismissed in Case No. 68129. Banke, P. J., and Benham, J., concur.*

DECIDED JUNE 27, 1984.

*G. Michael Hartley, Martha Mullins*, for appellant (case no. 67931).

*Robert M. Travis, David G. Ross, Harold W. Whiteman, Jr., Douglas W. Smith, Thomas S. Carlock*, for appellees.

*Harold W. Whiteman, Jr., David G. Ross, Robert M. Travis, Thomas S. Carlock, Douglas W. Smith*, for appellants (case no. 68129).

*G. Michael Hartley, Martha Mullins*, for appellee.