## A89A1298. SHANK v. PHILLIPS.
### (388 SE2d 5)

POPE, Judge.

Plaintiff Bobby Lee Shank was employed as assistant store manager of the Wal-Mart store in Douglasville. He requested one of the store employees, 16-year-old Michael Phillips, to use the pick-up truck his father allowed him to drive to work to transport some stock from a warehouse across the street from the store to storage trailers in the store parking lot. Plaintiff was injured when Michael Phillips mistakenly placed the truck in reverse gear pinning plaintiff between the truck and a storage trailer. Plaintiff received workers' compensation benefits for his injuries. He also brought an action against defendant Charles A. Phillips, father of Michael Phillips, alleging defendant was liable for his son's negligence pursuant to the family purpose doctrine. We affirm the trial court's order granting summary judgment to defendant and denying summary judgment to plaintiff.

1. Pursuant to the family purpose doctrine, the defendant is liable for the torts committed by his son "by his command or in the prosecution and within the scope of his business. . . ." OCGA § 51-2-2. " 'Under [the family purpose] doctrine, the owner of an automobile who permits members of his household to drive it for their own pleasure or convenience is regarded as making such a family purpose his "business," so that the driver is treated as his servant.' Prosser, Law of Torts 496, § 72 (3rd ed. 1964). . . ." *Medlin v. Church,* 157 Ga. App. 876, 878 (278 SE2d 747) (1981). Liability under the family purpose doctrine rests upon a fictional agency theory. See *Murch v.*

*Brown*, 166 Ga. App. 538 (304 SE2d 750) (1983); *Johnson v. Brant*, 93 Ga. App. 44 (90 SE2d 587) (1955). The issue in this case is whether at the time of defendant's injury the vehicle was being used for a family purpose so that the driver was acting as agent for his father or for some other purpose for which the father could not be held liable under a theory of respondeat superior.

Defendant admitted by affidavit that the pick-up truck belonged to him and that he provided the vehicle for the comfort and convenience of his family, including his son. However, defendant denied it was his purpose to provide a vehicle to be used by Wal-Mart, Inc., in the furtherance of its business. If this injury had occurred while the son was on his way to or from work no question would exist that the vehicle was being used for a family purpose. However, at the time the injury occurred, the use of the vehicle had been usurped by Wal-Mart at the request of the driver's supervisor, the plaintiff. The son was no longer acting as his father's agent in pursuing his own, and therefore his family's, pleasure or convenience but was acting as an agent of Wal-Mart, a commercial business. Any vicarious liability for the alleged negligence of the son in this case would flow to Wal-Mart, his employer, and not to his father. We will not extend the family purpose doctrine to hold a parent liable for the acts of a child performed in the child's capacity as agent or employee for another person or entity. Because plaintiff was also an employee of Wal-Mart and his injury arose out of his employment, plaintiff's exclusive remedy against the driver and the driver's master, Wal-Mart, was pursuant to the Workers' Compensation Act.

2. Plaintiff's affidavit stating that defendant gave his son permission to use the truck for errands for his supervisors at Wal-Mart is merely a conclusory statement which was directly contradicted by defendant's own affidavit and therefore is not competent evidence on the issue of the extent of the driver's permission. See *Harvey v. C. W. Matthews Contracting Co.*, 114 Ga. App. 866 (1) (152 SE2d 809) (1966). Moreover, liability under the family purpose doctrine must be predicated not only upon the parent's permission to drive the vehicle but also upon the fact that at the time of the allegedly negligent act the driver was pursuing a family purpose. See *Quattlebaum v. Wallace*, 156 Ga. App. 519 (275 SE2d 104) (1980). For the reasons discussed in Division 1, above, the trial court did not err in concluding that the family purpose doctrine was inapplicable to this case and thus did not err in denying plaintiff's motion for summary judgment.

*Judgment affirmed. Banke, P. J., and Sognier, J. concur.*

DECIDED OCTOBER 12, 1989 —
REHEARING DENIED NOVEMBER 6, 1989 —

*Carl V. Kirsch*, for appellant.
*Savell & Williams, Elmer L. Nash, S. Lester Tate III*, for appellee.