A97A0017. JENKINS v. HALL et al.
(487 SE2d 66)

BIRDSONG, Presiding Judge.

After the grant of an interlocutory appeal, Dorothy Jenkins appeals the trial court's denial of her motion for summary judgment in an action brought against her by William Hall, by and through Diane Hall, his natural mother and next friend, and by Diane Hall. The Halls also sued Dorothy Jenkins' minor daughter Larieta Nichole Jenkins to recover damages arising from an automobile accident.

On March 8, 1994, Larieta Jenkins asked Dorothy Jenkins for permission to drive the family car to the store, but Dorothy Jenkins refused to give Larieta permission to drive the car because she did not have a driver's license. Instead, she told Larieta that she could go to the store if the next door neighbor would agree to drive her there. The neighbor agreed and drove Larieta to the store. On the way back, however, after the neighbor allowed Larieta to drive, Larieta lost control of the car and struck ten-year-old William Hall who was playing in his yard. Later, Diane Hall sued Larieta and Dorothy Jenkins alleging that Dorothy Jenkins was vicariously liable for Larieta's negligent driving under the family purpose doctrine.

Dorothy Jenkins moved for summary judgment contending that she was not liable under the family purpose doctrine because she did not furnish the car for Larieta's use. Hall did not respond to this motion, but by amendment, added a count to her complaint which

alleged Dorothy Jenkins negligently entrusted the automobile to Larieta. Nevertheless, the trial court denied the motion for summary judgment.

A default judgment has been entered against Larieta Jenkins on liability. She is not a party to this appeal. *Held*:

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474). When ruling on a motion for summary judgment, the opposing party is given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843). In summary judgment proceedings the rules on admissibility of evidence apply, and hearsay has no probative value unless it is part of the res gestae. *Strickland v. DeKalb Hosp. Auth.*, 197 Ga. App. 63, 65 (397 SE2d 576).

2. Construing the evidence in favor of the Halls, this record shows that Larieta Jenkins asked Dorothy Jenkins for permission to drive one of the family's automobiles to the store, Dorothy Jenkins said no, but allowed a neighbor, who had a driver's license, to drive Larieta to the store. When the car left her yard, Dorothy Jenkins saw the neighbor was driving the car and Larieta was sitting in the passenger's seat.

Although Larieta may have been driving the car at the time of the accident, there is no competent evidence in the record to prove that fact. The only evidence in the record is Dorothy Jenkins' deposition, and the deposition plainly shows that all she knows comes from what others told her. Consequently, her statements regarding the facts of the accident are merely inadmissible hearsay. *Strickland v. DeKalb Hosp. Auth.*, supra at 65.

The record does show, however, that Dorothy Jenkins did not maintain and provide the car for Larieta and that, regardless of who was driving, at the time of the collision the car was not being used for Dorothy Jenkins' benefit. Instead, the only logical inference which can be drawn from the admissible evidence is that Dorothy Jenkins loaned the car to the neighbor so the two young women could go to the store. Consequently, as the record shows the car was not provided for Larieta's use and, if the car was driven by Larieta, it was not driven with Dorothy Jenkins' permission as she had denied Larieta permission to drive the car, the evidence is not sufficient to invoke the family purpose doctrine. *Shank v. Phillips*, 193 Ga. App. 393, 394 (388 SE2d 5); *Murch v. Brown*, 166 Ga. App. 538, 539 (304 SE2d 750). Further, Dorothy Jenkins is not liable for the actions of the neighbor or of Larieta simply because she allowed the neighbor to use the car, even for Larieta's convenience. *Williams v. Gant*, 218 Ga.

App. 493, 494 (462 SE2d 179). Accordingly, as the trial court erred by denying Dorothy Jenkins' motion for summary judgment, the order denying summary judgment must be reversed and the case remanded to the trial court with direction to grant summary judgment to Dorothy Jenkins.

*Judgment reversed with direction. Ruffin and Eldridge, JJ., concur.*

DECIDED MAY 13, 1997.

Before Judge Jennings, pro hac vice.

*Allgood, Childs, Mehrhof & Millians, Michael W. Millians*, for appellant.

*Edward B. Stalnaker*, for appellees.