68818. KEITH v. CARTER et al.
(323 SE2d 886)

BIRDSONG, Presiding Judge.

Appellants Julie A. Keith b/n/f Carol A. Keith and Carol A. Keith individually brought suit against Clifford Carter and Ronald Carter for damages. The complaint alleged that Julie Keith was operating an automobile owned by Carol Keith when it was struck by a vehicle owned by Clifford Carter, which was being negligently driven by his son Ronald Carter with his express permission, causing severe damage to the Keith automobile and injury to Julie Keith. Liability was sought to be imputed to Clifford Carter under the family purpose doctrine (OCGA § 51-2-2) in that he provided the vehicle being driven by Ronald at the time of the collision for his pleasure, comfort and convenience; that the vehicle was being driven by Ronald with the permission and acquiescence of Clifford Carter; and that it was being driven for a family purpose. Clifford and Ronald Carter filed an answer denying any negligence and asserting negligence on the part of Julie Keith, and a counterclaim was filed against Carol Keith based upon the family purpose doctrine.

Clifford Carter also filed a motion for summary judgment based upon a personal affidavit averring that the vehicle driven by Ronald had been purchased as a gift for his graduation from high school, but the title had been placed in Clifford Carter's name because Ronald was a minor at the time he received the car; that from that time Ronald had paid all operational, maintenance and repair costs, as well as insurance premiums and registration fees for the vehicle; that the money for these expenses was, and had always been, earned by Ronald who was employed part-time while attending college; that since its purchase the car had been considered to be the sole property of Ronald to use for his own business and pleasure and was never driven for Clifford Carter's benefit or the benefit of any other member of the family, each of whom had his own automobile; and that Clifford Carter exercised no authority or control over the vehicle, had no access to the keys and if he ever had wanted to use the car he would have had to ask Ronald for permission. These facts were corroborated by an affidavit filed by Ronald. Appellants responded with a brief in opposition to the grant of summary judgment, contending that genu-

ine issues of material fact existed as to whether the family purpose doctrine was applicable, but submitted no affidavits or other evidence refuting the affidavits of appellees. Appeal is from the grant of summary judgment to Clifford Carter. *Held:*

"In Georgia, when an automobile is maintained by the owner for the use and convenience of his family, such owner is liable for the negligence of a member of the family having authority to drive the car while it is being used for a family purpose. [Cits.]" *Phillips v. Dixon,* 236 Ga. 271, 272 (223 SE2d 678). "Citing Prosser, Law of Torts (2d Ed.), this court has held: The rules applicable to the family purpose doctrine are as follows: To come within the application of the doctrine, the defendant must own the automobile, or at least have some recognized property interest in it or supply it, and he must have made it available for family use, rather than for use in his business. . . . [Cits.] Nevertheless, the principal factor is authority and control of the vehicle, and this is not necessarily determined by title to the vehicle or payment for the expenses of operation. [Cit.] Agency, not ownership, is the test of liability. [Cits.] Thus, in a family purpose situation the crucial issue may be whether the defendant supplied or furnished the vehicle for family purposes." *Dillard v. Clements,* 144 Ga. App. 512-513 (241 SE2d 838). "Consequently, a mere showing that the vehicle was registered in the father's name and utilized by a family member is alone not sufficient to establish this to be a family purpose car." *Durrett v. Farrar,* 130 Ga. App. 298, 300-301 (1) (203 SE2d 265).

In the instant case, the unrebutted evidence established that the vehicle was the sole property of Ronald Carter from the date of its purchase when it was given to him as a graduation present by his father. Clifford Carter never had a property interest in the car other than its initial registration, never considered the vehicle to be his nor exercised any incidents of ownership over it. "Even if it were conceded that defendant was the owner of the vehicle, the case would not turn on this point, as it would not disprove the uncontradicted evidence showing that the son . . . had the right to and did exercise exclusive authority and control over the vehicle. [Cit.]. . . . Since the evidence in this case conclusively establishes that the vehicle was owned and operated by an individual acting in his own capacity as [the donee of an absolute gift], without any necessity for the consent of his father, expressed or implied, and without the exercise of any authority or control by the father, these facts fail to disclose that the use was intended for a family purpose in any way or any basis for an action against the father under the family-purpose doctrine for damages and injuries arising from its negligent operation. Accordingly, the trial court did not err in granting a summary judgment for the defendant." *Calhoun v. Eaves,* 114 Ga. App. 756, 761 (152 SE2d 805). Ac-

cord *Dillard v. Clements*, supra.
  *Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED NOVEMBER 14, 1984.

  *Barry L. Zimmerman*, for appellant.
  *Kenneth A. Shapiro, Terese E. Peisner, Robert L. Connelly, Jr.*,
for appellees.