## 77527. QUAN v. JOHNSON.
### (379 SE2d 426)

BENHAM, Judge.

This is an appeal from the denial of appellant Quan's motion for summary judgment regarding appellee Johnson's theory of liability based on the family purpose doctrine, as alleged in Johnson's personal injury action against Quan and her brother Pak Uyu Hui. Hui was driving and Quan was riding in a 1983 Oldsmobile when it collided with Johnson's vehicle, injuring Johnson. Johnson sued Quan, the registered owner of the Oldsmobile, under the family purpose doctrine. After discovery, Quan moved for summary judgment, but the trial court denied her motion. We granted her application for interlocutory appeal to review the trial court's decision. We reverse.

"In Georgia, when an automobile is maintained by the owner for the use and convenience of his family, such owner is liable for the negligence of a member of the family having authority to drive the car while it is being used for a family purpose. [Cits.]" *Phillips v. Dixon*, 236 Ga. 271, 272 (223 SE2d 678) (1976). To apply the family purpose doctrine to a given situation, four criteria must be met: (1) the owner of the vehicle must have given permission to a family member to drive the vehicle; (2) the vehicle's owner must have relinquished control of the vehicle to the family member; (3) the family member must be in the vehicle; and (4) the vehicle must be engaged in a family purpose. *Quattlebaum v. Wallace*, 156 Ga. App. 519, 520 (275 SE2d 104) (1980). "To come within the application of the doctrine, the defendant must own the automobile, or at least have some recognized property interest in it or supply it, and he must have made it available for family use, rather than for use in his business. [Cits.] Nevertheless, the principal factor is authority and control of the vehicle, and this is not necessarily determined by title to the vehicle or payment for the expenses of operation. [Cit.] Agency, not ownership, is the test of liability. [Cits.] Thus, in a family purpose situation the crucial issue may be whether the defendant supplied or furnished the vehicle for family purposes. [Cit.] Consequently, a mere showing that

the vehicle was registered in the [head of household's] name and utilized by a family member is alone not sufficient to establish this to be a family purpose car. [Cit.]" *Keith v. Carter*, 172 Ga. App. 588, 589 (323 SE2d 886) (1984). The doctrine applies to render the defendant vicariously liable if he had the right to exercise such authority and control that it may be concluded that an agency relationship existed between him and the family member with respect to the use of the vehicle. *Murch v. Brown*, 166 Ga. App. 538, 539 (304 SE2d 750) (1983).

The undisputed evidence in this case is that Quan and her brother shared the same residence with their mother and Quan's children; that she owned and drove a vehicle other than the Oldsmobile; that she accompanied Hui when he purchased the car because he did not speak English; that the car was purchased in her name because he did not have an established credit record, but that he paid for everything, including insurance, gas, and repairs; that he had his own keys to the car; that Quan and Hui were not covered by the same insurance policy and Hui's insurance was in his name; that he had the vehicle all of the time because it was his; that in the past he had not used his automobile to do things for Quan, her children, or their mother; that Hui always drove his own car to work and wherever he wanted to go; that Hui ran his own life and Quan did not watch what he did; and that at the time of the accident they were on their way to pick up a truck because they were going to move. "In the instant case, the unrebutted evidence established that the vehicle was the sole property of [Hui] from the date of its purchase. . . . [Quan] never had a property interest in the car other than its initial registration, never considered the vehicle to be [hers] nor exercised any incidents of ownership over it. 'Even if it were conceded that defendant was the owner of the vehicle, the case would not turn on this point, as it would not disprove the uncontradicted evidence showing that the [brother] had the right to and did exercise exclusive authority and control over the vehicle. [Cit.] Since the evidence in this case conclusively establishes that the vehicle was owned and operated by an individual acting in his own capacity . . . , without any necessity for the consent of his [sister], expressed or implied, and without the exercise of any authority or control by the [sister], these facts fail to disclose . . . any basis for an action against the [sister] under the family-purpose doctrine for damages and injuries arising from its negligent operation. . . .' [Cit.]" *Keith v. Carter*, supra. Therefore, the trial court erred in denying appellant's motion for summary judgment.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

Decided February 28, 1989.

*Webb, Carlock, Copeland, Semler & Stair, Douglas W. Smith, Paul R. Vancil,* for appellant.
*Ellerin & Williams, Osgood Williams, Jr., Chambers, Mabry, McClelland & Brooks, Jan P. Cohen,* for appellee.