### 77786. FINLEY v. BERMAN.
(379 SE2d 640)

BENHAM, Judge.

The issue to be decided in this appeal is whether appellee Robert Berman is entitled to summary judgment on the issue of his liability under the Family Purpose Doctrine for the alleged negligence of his daughter Cindy Berman in the operation of an automobile. The trial court held that he was so entitled, citing the fact that his daughter had become emancipated prior to the events which formed the basis of the suit.

We agree with appellee that emancipation is not itself sufficient to absolve a parent of liability under the doctrine. *Dunn v. Caylor*, 218 Ga. 256 (1a) (127 SE2d 367) (1962). We do not agree, however, that the record of this case demonstrates the existence of factors which would permit the imposition of vicarious liability on Mr.

Berman.

In *Murch v. Brown*, 166 Ga. App. 538 (304 SE2d 750) (1983), this court held that there are four factors which must be present before the doctrine is applied: 1) the defendant must own or have an ownership interest in the automobile; 2) the defendant must have made the automobile available for family use; 3) the driver must be a member of the defendant's immediate household; and 4) the automobile must have been driven at the time with the permission or acquiescence of the defendant. Those factors, however, are not determinative; the right to exercise authority and control is. " . . . Georgia courts have used authority and control as the 'principal factor' in determining whether liability accrues under the doctrine. [Cits.] The four conditions prescribe the parameters of the family purpose doctrine. . . . [Cit.] The doctrine is then applied to render the defendant vicariously liable if he had the right to exercise such authority and control that it may be concluded that an agency relationship existed between him and the family member with respect to the use of the vehicle. In other words, the four conditions prescribe when the test is to be applied, but the actual test is authority and control. [Cits.]" Id. at 539.

In the present case, there is no question that Mr. Berman had an ownership interest in the car his daughter drove; he paid for most of it and his name was on the title as an owner. There is also no question that while Cindy was living at home the car was provided for her use as a member of the family and was driven with Mr. Berman's permission. However, the uncontradicted evidence shows that Cindy had moved out of the family home three weeks before the collision giving rise to this action and was living in another town. Although appellant has argued that Cindy was still a member of the Berman household because she had not established a permanent residence elsewhere, the record shows that she no longer lived with her parents. At the time of the collision, her residence was a motel because the apartment into which she was preparing to move was not yet available. She was, however, living on her own and employed. That evidence establishes that she was not a member of the Berman household.

Although the fact that Cindy was no longer a member of the household would be sufficient to support judgment for Mr. Berman, he would have been entitled to summary judgment even if there were a question of fact on that issue, because the evidence shows beyond question that Mr. Berman did not have authority over and control of the car. The depositions of the Bermans established that Cindy came and went and used the car as she pleased and that Mr. Berman had no right to specify when, how, or for what purpose she used it. Compare *Tolbert v. Murrell*, 253 Ga. 566 (2) (322 SE2d 487) (1984), relied upon by appellant, where the parent admitted that she had deprived

her son of use of the car on at least one occasion as an incentive to perform better in school. The fact that the car was listed on Mr. Berman's insurance policy does not require a different result. *Calhoun v. Eaves*, 114 Ga. App. 756, 760 (152 SE2d 805) (1966). Since the uncontradicted evidence shows that Cindy's use of the car was not under Mr. Berman's authority or control, the trial court was correct in granting his motion for summary judgment.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MARCH 10, 1989.

McClure, Ramsay & Dickerson, John A. Dickerson, David L. Hudgins, for appellant.
Jack M. Carey, for appellee.