A90A0412. SMITH v. SHAW et al.
(395 SE2d 286)

CARLEY, Chief Judge.

Appellant-plaintiff brought suit against both appellee-defendant Kenneth L. Shaw and his son, seeking a recovery for damages arising out of a vehicular mishap involving a car owned by appellee but driven by his son. On May 9, 1989, appellee filed a motion for summary judgment based upon the non-applicability of the "family purpose doctrine." A hearing on appellee's motion was set for June 19. However, the only supporting affidavit was filed on May 31. When appellant objected that appellee's supporting affidavit had not been timely filed so as to warrant consideration at the hearing scheduled for June 19, the trial court ordered a continuance and reset the hearing for July 13. The hearing was held on the rescheduled date, and the trial court subsequently granted appellee's motion for summary judgment. It is from this order that appellant brings this appeal.

1. Appellant enumerates as error the trial court's consideration of appellee's affidavit.

OCGA § 9-11-56 (c) "requires that only supporting material which is 'on file' at least 30 days before the hearing shall be considered for the movant." *Porter Coatings v. Stein Steel &c. Co.*, 247 Ga. 631, 632 (278 SE2d 377) (1981). In the instant case, appellee's supporting affidavit was filed less than 30 days before the originally

scheduled hearing date of June 19. However, appellee's affidavit had been on file for more than 30 days when the actual hearing was held because the trial court had continued the hearing on appellee's motion until July 13. Compare *Jones v. Howard*, 153 Ga. App. 137, 141 (1) (264 SE2d 587) (1980), wherein the record did "not indicate that upon appellant's objection to the late-filed affidavit, he was offered but refused a 30-day continuance." The grant of a continuance is within the sound discretion of the trial court. *Landers v. Ga. Baptist Med. Center*, 175 Ga. App. 500, 503 (2) (333 SE2d 884) (1985). Appellant has not shown how the trial court abused its discretion and we find that it did not. Accordingly, this enumeration of error is without merit.

2. The trial court's purported failure to give any consideration or review to appellant's "opposing responses" to appellee's motion is enumerated as error.

In its order granting summary judgment, the trial court stated that it had considered the pleadings, the motion, appellee's supporting affidavit, the response filed by appellant and all other matters on file as of the date of the hearing. Accordingly, this court will not hold that relevant evidence of record was not considered by the trial court prior to *ruling* on the appellee's motion merely because the trial court, at the hearing, stated that it had not yet read appellant's responses. See *Light v. Equitable Mtg. Resources*, 191 Ga. App. 816, 817 (1) (383 SE2d 142) (1989); *General Motors Corp. v. Walker*, 244 Ga. 191, 193 (259 SE2d 449) (1979). Furthermore, nothing in appellant's response to appellee's motion would show that the grant of that motion was erroneous. "Since the uncontradicted evidence shows that [appellee's son's] use of the car was not under [appellee's] authority or control, the trial court was correct in granting his motion for summary judgment." *Finley v. Berman*, 190 Ga. App. 692, 694 (379 SE2d 640) (1989). See also *Quan v. Johnson*, 190 Ga. App. 510 (379 SE2d 426) (1989).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED MAY 30, 1990 —
REHEARING DENIED JUNE 13, 1990 — CERT. APPLIED FOR.

Claude E. Smith, *pro se*.
Russell, Adamson & Stell, John E. Stell, Jr., for appellees.