A91A0504. BAILEY v. BUTLER et al.
(406 SE2d 97)

ANDREWS, Judge.

Bailey appeals the trial court's grant of summary judgment based on the family purpose doctrine to Butler's mother, Mrs. Kaplan, in his personal injury action.

Viewed in favor of Bailey, the opponent of the summary judgment motion, OCGA § 9-11-56; *Eiberger v. West*, 247 Ga. 767, 769 (1) (281 SE2d 148) (1981), the evidence was that Kaplan financially helped her son buy a car in January 1988. Although Butler paid half of the purchase price of the car, the title remained in Kaplan's name. At the time of the purchase, Butler lived with his grandmother in Macon and used the car for driving himself back and forth to college.

In the summer of 1988, Butler moved to his mother's house in Atlanta, but continued to use the vehicle exclusively for his personal errands, including going to work and to school. He did not use the vehicle for family errands.

The uncontradicted evidence established that Butler was financially responsible for the vehicle. Although the insurance was in Kaplan's name, Butler paid all of the premiums on the policy and was listed on the policy as the only authorized driver of the vehicle. He also paid for maintenance on the vehicle and for the requisite license tags.

Kaplan's involvement with the vehicle was minimal. She testified that she considered the vehicle Butler's and neither she nor her husband had driven the car since originally delivering it to Butler in early 1988. Kaplan stated that had she wanted to use the vehicle, she would have needed Butler's permission. Just as the Kaplans did not drive Butler's car, Butler was not allowed to drive any of the Kaplans' four other automobiles and was excluded from the insurance policies

on those vehicles. Butler kept the set of keys to the car, although an emergency spare set was kept in the kitchen.

In January, 1989, the collision between Bailey and Butler occurred and Bailey sued Butler for negligence and Kaplan on the basis of the family purpose doctrine.

The family purpose doctrine states that "when an automobile is maintained by the owner for the use and convenience of his family, such owner is liable for the negligence of a member of the family having authority to drive the car while it is being used for a family purpose." *Phillips v. Dixon*, 236 Ga. 271, 272 (223 SE2d 678) (1976); *Quan v. Johnson*, 190 Ga. App. 510 (379 SE2d 426) (1989). Accordingly, the mere fact that a vehicle is registered in the head of the household's name and driven by a family member does not, by itself, establish that the family purpose doctrine is applicable. *Keith v. Carter*, 172 Ga. App. 588, 589 (323 SE2d 886) (1984). "To apply the family purpose doctrine to a given situation, four criteria must be met: (1) the owner of the vehicle must have given permission to a family member to drive the vehicle; (2) the vehicle's owner must have relinquished control of the vehicle to the family member; (3) the family member must be in the vehicle; and (4) the vehicle must be engaged in a family purpose. [Cits.]" *Quan*, supra at 510.

Although the four factors prescribe the parameters of the doctrine, the determinative test under the family purpose doctrine is whether the non-driving family member exerted authority and control over the vehicle. See *Finley v. Berman*, 190 Ga. App. 692, 693 (379 SE2d 640) (1989). In other words, after it is determined that the four factors listed above are present, the inquiry becomes whether the owner of the vehicle exerted sufficient authority and control for the doctrine to be applied. The vehicle owner is vicariously liable only "if he had the right to exercise such authority and control that it may be concluded that an agency relationship existed between him and the [driving] family member with respect to the use of the vehicle." *Quan*, supra at 511, citing *Murch v. Brown*, 166 Ga. App. 538, 539 (304 SE2d 750) (1983).

Here the family purpose doctrine is not applicable because the undisputed evidence established that Kaplan did not have the requisite authority and control over Butler's use of the vehicle. From the depositions of Kaplan and Butler, it was clear that Kaplan had no right to specify when, how, or for what purpose Butler used it. The requisite authority over the vehicle was not established merely because the insurance policy and the title to the car were in Kaplan's name. See *Finley*, supra. The uncontradicted facts showed that Butler had exclusive authority, custody and control over the vehicle. See *Young v. Wooldridge*, 187 Ga. App. 661, 662 (371 SE2d 100) (1988); cf. *Tolbert v. Murrell*, 253 Ga. 566 (322 SE2d 487) (1984).

Because the unrebutted evidence established that the family purpose doctrine was inapplicable, the trial court properly granted the motion for summary judgment.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED MAY 3, 1991 —
REHEARING DENIED MAY 23, 1991.

*Mark F. Dehler,* for appellant.
*Webb, Carlock, Copeland, Semler & Stair, D. Gary Lovell, Jr., Murray, Temple & Dinges, William D. Strickland, George P. Graves, E. Graydon Shuford,* for appellees.