A93A0661. WHITLEY et al. v. DITTA.
(434 SE2d 108)

BEASLEY, Presiding Judge.

Pamela Ditta brought this action against Vanessa Whitley and her father John Whitley for damages sustained as a result of Vanessa's negligence in causing a vehicular collision with Pamela. The jury returned a verdict awarding plaintiff $12,000 for past medical expenses, $10,000 for future medical expenses, and $200,000 for pain and suffering against the defendants. After the court entered judgment on the verdict, defendants filed a motion for j.n.o.v. or new trial, which the court denied. Defendants appeal, arguing that the damage awards are excessive and that imposition of liability against John Whitley under the family purpose doctrine is unauthorized.

Plaintiff testified that as a result of the collision, her face hit the car window slicing her eyelid in half and cutting her face to the muscle. She was taken to a hospital emergency room, where she was attended by a plastic surgeon, Dr. Slutsky. In treating her, he inserted long needles in her face and eye. Her parents could hear her screams from the waiting room. Dr. Slutsky referred plaintiff to another plastic surgeon, Dr. Nahai, who did four surgical procedures: three Z-Plastys or scar revisions and one dermabrasion. Again, needles were put in her face and eye.

Dr. Slutsky testified that the total cost of his services to plaintiff was $1,514 and that his charge for a scar revision would be about $1,375. Dr. Nahai did not testify as to the amount of plaintiff's bill, but he did testify that if he did another scar revision the total charge would probably be in the region of $1,250, and the total charge for another dermabrasion would be about $650.

Plaintiff was later treated by another plastic surgeon, Dr. Dixon. As of the date of the trial, he had performed two scar revisions. He did not testify as to what he charged. He did testify that it was very likely that a dermabrasion would later be needed and that other procedures might also have to be done.

Defendants argued before the jury that the highest figure it could

put on a scar revision was $1,375 testified to by Dr. Slutsky, and the only figure it could put on a dermabrasion was the $650 testified to by Dr. Nahai. We agree. The doctors' testimony was that plaintiff was charged $1,514 by Dr. Slutsky, that Dr. Nahai performed three scar revisions and one dermabrasion, that Dr. Dixon performed two scar revisions, and that it was very likely that a dermabrasion would also be needed. Consequently, plaintiff only proved medical expenses with reasonable certainty in the amount of $9,689 ($1,514 plus $6,875 for five scar revisions plus $1,300 for two dermabrasions).

The photographic evidence admitted by plaintiff shows a rather large scar on her left cheek. The doctors testified that it would be permanent. The extremely painful surgical procedures, requiring local anesthetic and pain medication, were performed at six-month intervals over a period of years. Plaintiff testified that, in addition to the effect on her appearance caused by the scar and the physical pain she has endured, her recreational activities have been restricted, and she has been required to spend her last year of high school and entire college years undergoing surgical procedures and the complications and healing periods which followed.

Other evidence will be reviewed insofar as is necessary for a consideration of the issues raised.

1. Defendants contend that the trial court erred in denying their motion for j.n.o.v. or new trial on the ground that the evidence does not support a $22,000 award of medical expenses.

A plaintiff seeking to recover special damages for medical expenses has the burden of proving his losses in such manner as can permit calculation thereof with a reasonable degree of certainty. *Lester v. S. J. Alexander, Inc.*, 127 Ga. App. 470 (1, 2) (193 SE2d 860) (1972); *Glennville Wood &c. Co. v. Riddlespur*, 156 Ga. App. 578, 581 (4) (276 SE2d 248) (1980); see *Daugherty v. Vick*, 127 Ga. App. 767, 769 (3) (195 SE2d 208) (1972) (as to future medical expenses). This generally requires evidence that medical expenses in a certain amount were incurred in connection with treatment of the injury involved in the subject litigation. Compare *Glenville Wood*, supra, with *Lester*, supra, and *Daugherty*, supra.

The jury's award of $22,000 in medical expenses should have been reduced by $12,311. "The trial court did not err in overruling the motion for judgment notwithstanding the verdict on the . . . motion for a new trial except as to [this] issue. . . ." *Co-op Cab Co. v. Arnold*, 106 Ga. App. 160, 164-165 (126 SE2d 689) (1962).

2. Defendants contend that the trial court erred in denying their motion for j.n.o.v. or new trial on the ground that the jury's award to plaintiff of $200,000 for pain and suffering was excessive.

"The question of damages is . . . one for the jury; and the court should not interfere with the jury's [discretion] unless the damages

[are either so small] or so excessive as to be inconsistent with the preponderance of the evidence in the case." OCGA § 51-12-12 (a). "The only guideline for awarding damages for pain and suffering is the enlightened conscience of an impartial jury. [Cits.] If the award is not so flagrant as to 'shock the conscience,' it will not be disturbed on appeal. [Cits.]" *Stover v. Atchley*, 189 Ga. App. 56, 57 (2) (374 SE2d 775) (1988).

The amount of the jury's award here is not so flagrant as to shock the conscience.

3. Defendants contend that the trial court erred in denying their motion for directed verdict, made at the conclusion of plaintiff's case-in-chief and renewed at the conclusion of the evidence, on the issue of John Whitley's liability for his daughter's negligence under the family purpose doctrine.

Defendants argue that plaintiff's evidence was insufficient to withstand a motion for directed verdict on the family purpose doctrine; that Vanessa's mother, not her father, owned the vehicle and gave Vanessa permission to drive; and that, at the time of the accident, she was not engaged in a family purpose.

Vanessa Whitley testified on cross-examination during plaintiff's case-in-chief that she had previously admitted that her parents owned the vehicle she was driving at the time of the accident. Vanessa later testified that the car she was driving was her mother's car and that the accident occurred when she was on an errand for her employer. During defendants' case-in-chief, Vanessa testified that her family had three cars: a Honda Prelude that her mother drove, a family car that she and her sisters shared, and her father's car that he used in his business. She asked to borrow her mother's car because it was smaller and easier for her to drive. However, her mother rarely let her use that car.

Vanessa's father testified on cross-examination during plaintiff's case-in-chief that he and his wife purchased the vehicle together. During defendants' case-in-chief, he testified that he and his wife purchased the car together with funds from a joint account. They both worked and both made deposits to the account. The car was titled in her name and maintained by her. He seldom drove it, did not have a set of keys to it, and considered it her car. Both Mr. Whitley and his wife testified that if the children wanted to use the Honda, they would ask her permission and not his.

The Honda was insured in Mr. Whitley's name under a policy entitled a family combination automobile policy. Portions of this policy were admitted in evidence as a defense exhibit.

" 'To come within the application of the [family purpose] doctrine, the defendant must own the automobile, or at least have some recognized property interest in it or supply it, and he must have made

it available for family use, rather than for use in his business. (Cits.) Nevertheless, the principal factor is authority and control of the vehicle, and this is not necessarily determined by title . . . or payment for the expenses of operation. (Cit.) Agency, not ownership, is the test of liability. (Cits.) Thus, in a family purpose situation the crucial issue may be whether the defendant supplied or furnished the vehicle for family purposes. (Cit.) . . .' [Cit.]" *Quan v. Johnson*, 190 Ga. App. 510 (379 SE2d 426) (1989).

" ' "Under (the . . .) doctrine, the owner of an automobile who permits members of his household to drive it for their own pleasure or convenience is regarded as making such a family purpose his 'business,' so that the driver is treated as his servant." [Cit.]' [Cit.]" *Shank v. Phillips*, 193 Ga. App. 393 (1) (388 SE2d 5) (1989). The car must be found to have been driven with the permission or acquiescence of the defendant, although his consent may be inferred or implied. *Finnocchio v. Lunsford*, 129 Ga. App. 694, 695 (2) (201 SE2d 1) (1973); accord *Hubert v. Harpe*, 181 Ga. 168, 171 (182 SE 167) (1935). Where a child uses a vehicle to go to and from work, no question exists that the vehicle is being used for a family purpose. *Shank*, supra at 394.

The fact that the vehicle was purchased by the father and mother with joint funds, and that it was insured by the father under a family insurance policy, authorized the jury to find that the father had a recognized property interest in the vehicle at the time of the accident, that he made it available for family use, and that the daughter was driving it with his acquiescence or implied consent. As in *Murch v. Brown*, 166 Ga. App. 538, 540 (304 SE2d 750) (1983), "[t]he evidence further creates an inference that defendant had the right to exercise authority and control over the use of the vehicle."

4. Defendants contend that under former OCGA § 33-34-9 (b) the trial court erred in failing to reduce the judgment by $2,500 received by plaintiff in no-fault medical-expense benefits.

Plaintiff disputes that she was eligible for such benefits, and defendants have failed to present contrary evidence. The burden is on the appealing party to show error from the record. *Brown v. Frachiseur*, 247 Ga. 463 (277 SE2d 16) (1981) (overruling *Holloway v. Giddens*, 239 Ga. 195 (236 SE2d 491) (1977), relied upon by appellants). Defendants have not carried this burden.

*Judgment affirmed on condition $12,311 is written off; otherwise reversed. McMurray, P. J., and Cooper, J., concur.*

DECIDED JULY 6, 1993 —
RECONSIDERATION DENIED JULY 16, 1993 —

*Parkerson, Shelfer & Connell, William S. Shelfer, Jr.,* for appellants.
*Robert S. Devins,* for appellee.