A94A0782. WALSTON v. WHITE.
(444 SE2d 855)

BLACKBURN, Judge.

Appellant, Spring Melinda Walston, was allegedly injured in a November 1990 automobile accident when the vehicle she was traveling in was rear-ended by vehicles driven by Andrea Hughes and Jeffrey Birdsong. The vehicle driven by Birdsong was titled in Jack and Stephen White, and Stephen White was a passenger at the time of the accident. Walston brought suit to recover damages for her injuries against Hughes, Birdsong, Jack White and Stephen White. The trial court granted summary judgment for Jack White based on the inapplicability of the family purpose doctrine, and this appeal followed.

On appeal, Walston contends Jack White, the sole appellee, owned the automobile driven by Birdsong and that appellee provided the vehicle for the use of Stephen, his son. Walston argues, therefore, any liability of Stephen is imputed to appellee under the family pur-

pose doctrine.

The evidence established that Stephen purchased the vehicle at issue in December 1988 or January 1989. He financed the purchase at a local bank, and the bank required appellee to co-sign the note with Stephen. Both Stephen and appellee were listed on the title as joint owners. Stephen was responsible for and made every payment on the car loan without any financial assistance from appellee. Stephen also paid all the insurance premiums and all operational and maintenance costs for the vehicle. The money for these payments was earned by Stephen through part-time employment while attending college. Additionally, Stephen exclusively operated the vehicle for his own personal business, including going to and from work and school.

Appellee did not use the vehicle, was not in possession of its keys, and did not attempt to exercise authority or control over the vehicle. The record is unclear as to who obtained insurance on the vehicle, but appellee received the proceeds from the insurance which were used to purchase another vehicle for Stephen.

"In Georgia, when an automobile is maintained by the owner for the use and convenience of his family, such owner is liable for the negligence of a member of the family having authority to drive the car while it is being used for a family purpose. To apply the family purpose doctrine to a given situation, four criteria must be met: (1) the owner of the vehicle must have given permission to a family member to drive the vehicle; (2) the vehicle's owner must have relinquished control of the vehicle to the family member; (3) the family member must be in the vehicle; and (4) the vehicle must be engaged in a family purpose. To come within the application of the doctrine, the defendant must own the automobile, or at least have some recognized property interest in it or supply it, and he must have made it available for family use, rather than for use in his business. Nevertheless, the principal factor is authority and control of the vehicle, and this is not necessarily determined by title to the vehicle or payment for the expenses of operation. Agency, not ownership, is the test of liability. Thus, in a family purpose situation the crucial issue may be whether the defendant supplied or furnished the vehicle for family purposes. Consequently, a mere showing that the vehicle was registered in the head of household's name and utilized by a family member alone is not sufficient to establish this to be a family purpose car. The doctrine applies to render the defendant vicariously liable if he had the right to exercise such authority and control that it may be concluded that an agency relationship existed between him and the family member with respect to the use of the vehicle." (Citations and punctuation omitted.) *Quan v. Johnson*, 190 Ga. App. 510, 511 (379 SE2d 426) (1989); see also *Bailey v. Butler*, 199 Ga. App. 753, 754 (406 SE2d 97) (1991).

Stephen deposed that immediately after the accident, he switched positions with Birdsong because Stephen wished to conceal from appellee that Birdsong was driving. Walston contends this testimony raises an issue of fact for the jury regarding appellee's control and authority over the vehicle sufficient to deny summary judgment. We disagree. We have read the entire testimony in this regard and find Stephen's actions and comments show a desire not to disappoint his father, rather than any actual control by appellee over Stephen's operation of the vehicle.

Additionally, even assuming Stephen's testimony conclusively showed that appellee did not want Stephen to allow anyone else to drive Stephen's automobile, such evidence would not raise an issue of fact barring summary judgment. Such evidence alone would not establish an agency relationship between appellee and Stephen with respect to the use of the vehicle. "The summary judgment law does not require the defendant to show that no issue of fact remains, but rather [that] no *genuine* issue of material fact remains . . . ; and while there may be some 'shadowy semblance of an issue' . . . , the case may nevertheless be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion. [Cits.]" *McCray v. Hunter*, 157 Ga. App. 509, 511-512 (277 SE2d 795) (1981).

"Here the family purpose doctrine is not applicable because the undisputed evidence established that [appellee] did not have the requisite authority and control over [Stephen's] use of the vehicle." *Bailey*, supra at 754. The depositions and the affidavit established that Stephen exclusively used the vehicle and that appellee had no right to specify when, how, or for what purpose he used it. Additionally, the requisite authority and control was not established because the vehicle may have been insured under appellee's insurance and appellee received the insurance proceeds and was listed as a title owner. See id.; *Finley v. Berman*, 190 Ga. App. 692, 694 (379 SE2d 640) (1989); *Calhoun v. Eaves*, 114 Ga. App. 756, 760-761 (152 SE2d 805) (1966). Accordingly, the trial court properly granted appellee's motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 3, 1994.

*Reynolds & McArthur, Charles M. Cork III*, for appellant.
*Martin, Snow, Grant & Napier, William H. Larsen, Alan M.*

*Maxwell, Miller & Towson, Craig N. Cowart*, for appellee.