A95A1150. WILLIAMS et al. v. GANT.

(462 SE2d 179)

BEASLEY, Chief Judge.

Williams and certain individuals responsible for her medical bills brought this action against Gant and his parents to recover for injuries Williams sustained in a vehicular collision allegedly caused by Gant's negligence. Plaintiffs seek to impose liability on Gant's parents under the family purpose doctrine, but the trial court granted these defendants summary judgment on the ground that they did not exercise the requisite degree of authority and control over Gant's use of the automobile for liability to attach.

Gant's parents divorced when he was age 15 and gave him the subject automobile when he was 16. The car was titled in his father's name because Gant was a minor, but Gant was responsible for paying maintenance costs. The father paid for tag renewals, for which Gant reimbursed him, signed the car note and wrote the checks to pay the note. The mother wrote the checks to pay the premiums on her policy for insurance which covered Gant and the car. The father reimbursed the mother for a portion of the insurance payments, and the mother reimbursed the father for a portion of the note payments. Although Gant testified that he would do chores for his parents in order to earn note payments, his parents denied it. We take the former as true, for the purpose of summary judgment.

The collision occurred shortly after Gant turned 19, when Gant was on summer break from college and working part-time. He and his brother were returning to their father's home after having their hair cut, of which neither parent was aware. Gant testified that at the time he and his 15-year-old brother were living with their father, but other evidence showed they were living with their mother and visiting their father for the weekend. This living arrangement was authorized under joint custody provisions in the parents' divorce decree, whereby both parents were supporting Gant and paying his college expenses.

All members of the Gant family testified that the parents imposed no rules or conditions on Gant concerning his use of the car. The car was strictly for his own personal use, and he was the only one with a key. He did not even use it to run errands for his father. Gant did testify that before he turned 18, he would have had to obtain permission to go to Florida, but that question focused on him personally rather than on his use of the car. Although he answered "no" when asked whether he was allowed to let his friends drive the car, he later explained that this was his rule and not that of his parents. He did testify that if his father had become angry he could have taken the keys from him because "[h]e's my father, he can do what he wants."

The conditions for application of the family purpose doctrine are: " ' "[T]he defendant must own the automobile, or at least have some

recognized property interest in it or supply it, and he must have made it available for family use, rather than for use in his business. The driver must be a member of defendant's immediate household. . . . The car must be found to have been driven at the time with the permission or acquiescence of the defendant, although his consent may be inferred from a failure to protest at frequent violations of his orders not to use the car." ' [Cits.]" *Murch v. Brown*, 166 Ga. App. 538, 539 (304 SE2d 750) (1983). The same is stated a little differently in *Quan v. Johnson*, 190 Ga. App. 510, 511 (379 SE2d 426) (1989).

The doctrine is not applied to render the parent vicariously liable unless the parent "had the right to exercise such authority and control that it may be concluded that an agency relationship existed between him and the family member with respect to the use of the vehicle. In other words, the four conditions prescribe when the test is to be applied, but the actual test is authority and control. [Cits.]" *Murch*, supra, 166 Ga. App. at 539. Authority and control are not necessarily determined by title to the vehicle or payment for the expenses of ownership. See *Walston v. White*, 213 Ga. App. 441, 442 (444 SE2d 855) (1994).

Although there is evidence from which a jury could find that the conditions for application of the family purpose doctrine were present, summary judgment was appropriate because the undisputed evidence shows that the parents did not retain the right to exercise such authority and control over their son's use of the vehicle that it could be concluded he was their agent, arising out of that purpose, in the use of the car. See *Walston*, supra; *Bailey v. Butler*, 199 Ga. App. 753 (406 SE2d 97) (1991); *Keith v. Carter*, 172 Ga. App. 588 (323 SE2d 886) (1984); compare *Whitley v. Ditta*, 209 Ga. App. 553, 555 (3) (434 SE2d 108) (1993); *Murch*, supra; *Young v. Wooldridge*, 187 Ga. App. 661, 663 (1) (371 SE2d 100) (1988).

There is no merit in plaintiffs' argument that the parents may be held liable for Gant's negligence on the theory that he was acting as their agent or servant in the performance of the act of taking his brother to get a haircut. This theory differs from the family purpose doctrine, *Cox v. Rewis*, 207 Ga. App. 832, 834 (1) (429 SE2d 314) (1993), and is not sustainable under the facts of this case, because there is no evidence that Gant performed this task at either parent's behest. Compare *Cox*, supra.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED SEPTEMBER 12, 1995 — 

*Douglas L. Breault*, for appellants.
*Miller & Towson, James V. Towson, Buchanan & Land, Benja-*

*min A. Land, Clay D. Land*, for appellee.