A97A0679. GOULD v. LATORRE et al.

(488 SE2d 116)

POPE, Presiding Judge.

On July 20, 1994, plaintiff Virginia Gould and defendant Tammie Jones were involved in an automobile accident. Defendant Brenda Latorre, who is Jones' mother, held title to the car Jones was driving at the time of the accident. Nearly one year after the accident, plaintiff filed suit against Latorre and Jones, alleging both personal injury and property damage. Latorre was personally served with a copy of the complaint. Plaintiff attempted personal service on Jones at the address given to police at the scene of the accident. Jones no longer lived at that address, however, and the record shows that she was never personally served with the complaint.

On August 7, 1995, Latorre and Jones filed a joint answer to the complaint denying any liability. In the answer, Jones raised the defenses of insufficient service of process and lack of jurisdiction, and the record shows she has never waived or acknowledged service in this case. Approximately nine months later, after learning that Jones had been living in the Cayman Islands for some time, plaintiff attempted to serve Jones by publication pursuant to OCGA § 9-11-4 (e) (1) (A). Thereafter, on August 19, 1996, Jones filed a motion to dismiss plaintiff's personal injury claim against her on the ground that she had not been properly served with process within the two year statute of limitation for personal injury claims set forth in OCGA § 9-3-33. On the same date, Latorre filed a motion for summary judgment claiming that there was no evidence that she was liable in any way for the automobile accident. The trial court granted both motions, and plaintiff appeals.

1. In her first enumeration, plaintiff contends that Jones was properly served within the applicable statute of limitation by publication; by delivery of the complaint to the attorney representing Jones; and by service of the complaint on Latorre. Thus, plaintiff claims that the trial court erred in ruling that Jones was never properly served and in dismissing plaintiff's personal injury claim against Jones for that reason. We cannot agree.

(a) While it is true that plaintiff sought to serve Jones by publication within the limitation period, it is undisputed that at the time such service was attempted Jones was not a resident of this state. Service by publication is not an effective method of service on a nonresident in any action for personal judgment for a tort. *Melton v. Johnson*, 242 Ga. 400, 403 (249 SE2d 82) (1978); *Barnes v. Continental Ins. Co.*, 231 Ga. 246, 247 (201 SE2d 150) (1973); *Gordon v. Coles*, 207 Ga. App. 889, 890 (429 SE2d 297) (1993). Consequently, the trial court did not err in ruling that plaintiff's attempt to serve Jones by publication was improper and that such attempted service did not provide the trial court with personal jurisdiction over Jones.

(b) The trial court also did not err in ruling that the mere delivery of the complaint to Jones' attorney was insufficient and failed to provide it with personal jurisdiction over Jones. As the trial court acknowledged in its order granting Jones' motion to dismiss, where personal service on an individual is required, service of process on that individual's attorney usually is not permitted. *Browning v. Europa Hair*, 244 Ga. 222, 224 (259 SE2d 473) (1979); *Souter v. Carnes*, 229 Ga. 220, 221 (3) (190 SE2d 69) (1972). This is particularly true in cases like this involving service of the very complaint which seeks to initiate suit against a defendant. And while it is true that OCGA § 9-11-5 allows for service of certain pleadings on an individual's attorney, such pleadings are defined by the language of that statute as those *subsequent to the original complaint*.

(c) As to the contention that service of the complaint on Latorre constituted sufficient service on Jones, we note that plaintiff has failed to cite any record evidence or authority to support such a proposition, and upon consideration, we reject the contention.

2. In her second enumeration, plaintiff contends that the running of the statute of limitation for her personal injury suit against Jones has been and continues to be tolled pursuant to OCGA § 9-3-94 for the duration of Jones' absence from the country. As a result, plaintiff claims that the trial court erred in finding that the limitation period had run without service being perfected and in granting Jones' motion to dismiss. We disagree. It is well settled that the tolling provision found in OCGA § 9-3-94 applies only if a defendant's removal from the state makes it impossible to perfect service of process. *Towns v. Brown*, 177 Ga. App. 504 (339 SE2d 926) (1986); *Curlee v. Mock Enterprises*, 173 Ga. App. 594, 598 (2) (327 SE2d 736) (1985). In the instant case, plaintiff could have tried to perfect service on Jones outside Georgia by utilizing the assistance of long arm jurisdiction. See OCGA §§ 9-10-90, 9-10-91 (2) and 9-10-94. She did not do so, however, even though it is undisputed that she knew of Jones' general location in the Cayman Islands for several months prior to the expiration of the statute of limitation. As a result, it cannot be said

that it was impossible to perfect service on Jones. Accordingly, the tolling provision found in OCGA § 9-3-94 is not applicable, and the trial court did not err in granting Jones' motion to dismiss. Id.

3. In her final enumeration, plaintiff argues that the trial court erred in granting summary judgment to Latorre because issues of material fact remain regarding Latorre's liability to plaintiff based on the family purpose doctrine. We find no merit to this argument.

"The family purpose doctrine states that when an automobile is maintained by the owner for the use and convenience of [the owner's] family, such owner is liable for the negligence of a member of the family having authority to drive the car while it is being used for a family purpose." (Citations and punctuation omitted.) *Bailey v. Butler*, 199 Ga. App. 753, 754 (406 SE2d 97) (1991). "To apply the family purpose doctrine to a given situation, four criteria must be met: (1) the owner of the vehicle must have given permission to a family member to drive the vehicle; (2) the vehicle's owner must have relinquished control of the vehicle to the family member; (3) the family member must be in the vehicle; and (4) the vehicle must be engaged in a family purpose." (Citation and punctuation omitted.) *Walston v. White*, 213 Ga. App. 441, 442 (444 SE2d 855) (1994). "The doctrine[, however,] is not applied to render [a] parent vicariously liable unless the parent had the right to exercise such authority and control that it may be concluded that an agency relationship existed between [the parent] and the family member with respect to the use of the vehicle. In other words, the four conditions prescribe when the test is to be applied, but the actual test is authority and control." (Citation and punctuation omitted.) *Williams v. Gant*, 218 Ga. App. 493, 494 (462 SE2d 179) (1995).

In this case, even if we assume that each of the four factors is present, the doctrine is nevertheless inapplicable because Latorre did not have the requisite authority and control over Jones' use of the car in question. Unrefuted record evidence demonstrates that almost a year before the accident, Latorre had given the car to Jones, who was nearly 28 years old and did not live with Latorre. And it is undisputed that Latorre had in fact purchased another car for her own use. Latorre also testified that from the time the car was given to Jones, Jones had complete authority and control over the car's use, and such testimony has not been challenged by any evidence to the contrary. Although the car was titled in Latorre's name and may have been listed on her insurance policy, this is not sufficient to establish the authority and control necessary for application of the family purpose doctrine in light of the above uncontradicted evidence. See *Walston*, 213 Ga. App. at 443; *Bailey*, 199 Ga. App. at 754. Consequently, because the uncontradicted evidence shows that Jones' use of the car was not under Latorre's authority or control, the trial court was cor-

rect in granting summary judgment to Latorre. Id.
 *Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED JUNE 24, 1997.

*King & Spalding, Byron Attridge, Alan H. Nichols,* for appellant.
*Chambers, Mabry, McClelland & Brooks, James T. Budd, William R. Youngblood,* for appellees.