A99A0168. MARSHALL v. WHALEY.
(520 SE2d 271)

BARNES, Judge.
Linda Marshall appeals the grant of summary judgment to Kenneth W. Whaley on her claims against him under the family purpose and negligent entrustment doctrines. After she was involved in an automobile accident with Thomas Eric Whaley, Marshall filed suit against Thomas Eric Whaley and his father, Kenneth W. Whaley. Marshall's complaint alleged that Kenneth Whaley was liable for his

son's actions because he provided a family purpose vehicle to his son, and he entrusted the vehicle to his son with knowledge of his son's tendency to drive while intoxicated. The case against Thomas Whaley remains pending below.

Marshall contends the grant of summary judgment to Kenneth Whaley was not authorized because issues of fact remain for trial. We disagree and affirm.

Viewing the evidence and all inferences and conclusions most favorably toward Marshall and giving her the benefit of all reasonable doubts, the evidence shows that this case arose from a collision between Marshall's vehicle and a pickup truck driven by Thomas Whaley. Thomas Whaley pleaded guilty to driving under the influence at the time of the collision.

Although Kenneth Whaley held the legal title to the pickup truck driven by his son and provided insurance coverage on the pickup, he bought the pickup for Thomas Whaley while his son was in high school. Thomas Whaley testified that he had owned the pickup truck since he was 16. Additionally, Thomas Whaley paid his father for the insurance. More significantly, Thomas Whaley had exclusive use of the pickup and his father did not have a key to the truck. Kenneth Whaley denied that he gave his son permission to use the pickup and also denied that he maintained the pickup for the use of his family. Thomas Whaley denied that he was operating the truck with his father's permission, denied that he was not the owner of the truck, and denied that he had the keys to the truck with the permission of his father.

After high school, Thomas Whaley worked for a year, served an enlistment in the Navy, and then returned home. While he was in the Navy, no one drove the pickup, and the car stayed in Kenneth Whaley's garage. At the time of the collision Thomas Whaley was 23 and resided off and on with his parents.

1. The standards applicable to motions for summary judgment are announced in *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). When ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions therefrom most favorably toward the party opposing the motion. *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843) (1988). Further, when reviewing a grant of summary judgment, this court conducts a de novo review of the law and the evidence. *Goring v. Martinez*, 224 Ga. App. 137, 138 (2) (479 SE2d 432) (1996).

2. Under the undisputed facts of this case, Kenneth W. Whaley cannot be liable under the family purpose doctrine.

To apply the family purpose doctrine to a given situation,

four criteria must be met: (1) the owner of the vehicle must have given permission to a family member to drive the vehicle; (2) the vehicle's owner must have relinquished control of the vehicle to the family member; (3) the family member must be in the vehicle; and (4) the vehicle must be engaged in a family purpose.

(Citation and punctuation omitted.) *Walston v. White*, 213 Ga. App. 441, 442 (444 SE2d 855) (1994). The actual test, however, is the authority and control of the vehicle by the person alleged to have provided the vehicle. *Gould v. Latorre*, 227 Ga. App. 32, 34 (3) (488 SE2d 116) (1997); *Williams v. Gant*, 218 Ga. App. 493, 494 (462 SE2d 179) (1995).

Further,

[a] defendant is liable under the Family Purpose Doctrine if he had the right to exercise such authority and control that it may be concluded that an agency relationship existed between him and the family member with respect to the use of the vehicle. Thus, in a family purpose situation the crucial issue may be whether the defendant supplied or furnished the vehicle for family purposes. Consequently, a mere showing that the vehicle was registered in the head of household's name and utilized by a family member alone is not sufficient to establish this to be a family purpose car. The doctrine applies to render the defendant vicariously liable if he had the right to exercise such authority and control that it may be concluded that an agency relationship existed between him and the family member with respect to the use of the vehicle.

(Citations and punctuation omitted.) *Wahnschaff v. Erdman*, 232 Ga. App. 77, 81 (2) (502 SE2d 246) (1998).

Marshall primarily bases her contention that Kenneth Whaley exercised authority and control over the pickup truck because he instructed his son to park the truck in an incident in June 1995. Pretermitting whether one such instance would be a sufficient exercise of authority and control to invoke the family purpose doctrine, the facts of this particular incident do not support Marshall's allegation. Both Whaleys testified that Thomas Whaley called his father to ask him to drive Thomas Whaley home because he had been drinking. In response to this request, Kenneth Whaley told him to park the truck and he would come pick him up. Considering the circumstances, Kenneth Whaley's advice to park the pickup was not sufficient to create a genuine issue of material fact on his authority and

control over the pickup.

Marshall also contends that Kenneth Whaley exercised authority and control over the pickup by retaining part of the insurance proceeds for the truck. The evidence showed without contradiction that after the collision with Marshall, Kenneth Whaley kept part of the insurance payment for the truck as compensation for room and board owed him by Thomas Whaley. This evidence also was not sufficient to create an issue for trial on whether Kenneth Whaley exercised authority and control over the pickup.

Thus, the evidence is not sufficient to create a genuine issue of material fact on whether Kenneth W. Whaley exercised authority and control over the pickup truck so that it was a family purpose vehicle. Accordingly, the trial court did not err by granting summary judgment on this claim.

3. The trial court also did not err by granting summary judgment on the claim alleging that Kenneth W. Whaley negligently entrusted the pickup to his son.

> Georgia requires that the entrustor of a vehicle have actual knowledge of the incompetence of the person to whom the vehicle is entrusted in order to be held liable. The latest Supreme Court pronouncement of this doctrine is in *Gunn v. Booker*, 259 Ga. 343, 347 (3) (381 SE2d 286) (1989), where the court explained, citing several earlier cases, that "under the doctrine of negligent entrustment, a party is liable if he entrusts someone with an instrumentality, with actual knowledge that the person to whom he has entrusted the instrumentality is incompetent by reason of his age or inexperience, or his physical or mental condition, or his known habit of recklessness." (Footnote omitted.) [Cits.]

*Carolina Cable Contractors v. Hattaway*, 226 Ga. App. 413, 414 (487 SE2d 53) (1997). Therefore, to prevail on this claim, Marshall was required to show that Kenneth Whaley entrusted the pickup to his son and that, before he did so, he had actual knowledge that Thomas Whaley was an incompetent driver because of his tendency to drive while under the influence. *Worthen v. Whitehead*, 196 Ga. App. 678 (396 SE2d 595) (1990).

Although Marshall points to an incident in which Thomas Whaley was charged with DUI before the collision giving rise to this suit, this incident was long after Kenneth Whaley purchased the pickup for his son and delivered control of the truck to his son. Consequently, Thomas Whaley was not driving a vehicle that had been entrusted to him by his father after his father had actual knowledge of his tendency to drive while intoxicated. Accordingly, the trial court

did not err by granting summary judgment on this claim.

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 30, 1999.

*Leon Hicks,* for appellant.
*Beck, Owen & Murray, Samuel A. Murray,* for appellee.