A02A1867. PHILLIPS et al. v. FIRST BANK OF GEORGIA.
(571 SE2d 410)

BLACKBURN, Chief Judge.

In this case involving the allegedly improper assignments of a promissory note and corresponding deeds to secure debt, Bruce C. Phillips and Jean D. Phillips appeal the trial court's grant of summary judgment to First Bank of Georgia, contending that the Bank should have cancelled the deeds to secure debt encumbering their residence. For the reasons set forth below, we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

Viewed in this light, the record shows that Bruce C. Phillips and Albert H. Dallas were the sole shareholders in Total Rehab, Inc., a company formed by them in 1990 and now undergoing Chapter 11 bankruptcy proceedings. In June 1990, the Bank extended a loan to

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Total Rehab.[2] To secure the debt, Bruce and Jean Phillips granted a second mortgage on their home to the Bank, and Dallas conveyed a deed to secure debt in a certain apartment complex as collateral for a line of credit. Both Bruce Phillips and Dallas were guarantors for the loan.

Total Rehab defaulted on its loan payments, and the Bank looked to the guarantors for payment. At that time, the Phillipses made a number of payments on the outstanding debt, but the loan remained in default. Subsequently, the Bank demanded full payment from Dallas, and, on July 28, 2000, Dallas paid off the balance of the loan in full. At the time of payment, Dallas demanded that the note and the deeds to secure debt be assigned to him, and the Bank acquiesced to Dallas' demand.

Subsequently, Dallas transferred the note and deeds to a third party who has instituted foreclosure proceedings on the Phillipses' home. The Phillipses in turn brought this action against both Dallas and the Bank, contending that the deeds to secure debt should have been cancelled and that they should receive damages. Only the trial court's subsequent grant of summary judgment to the Bank is at issue in this case.

With regard to banking loans, OCGA § 10-7-23 plainly provides: "The surety may tender to the creditor the amount of his debt and demand that the evidence of and the securities for the same be delivered up to him to be enforced against his principal or cosureties; and a failure of the creditor to comply, when within his power, shall operate to discharge the surety."

That is exactly what happened in this case. The Bank demanded that Dallas pay off the outstanding debt of Total Rehab, and Dallas did so, demanding a transfer of the notes. The Bank complied, just as the statute requires it to do or lose the ability to enforce its debt against the demanding surety. The Bank did not act improperly in following these statutory parameters.

To the extent that the Phillipses argue that they are entitled to contribution for paying more than their share of the loan, their action is against Dallas, not the Bank. And, while the Phillipses contend that Dallas and the Bank colluded to defraud them of their home, there is simply no evidence in the record supporting this claim.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

---

[2] The note was last renewed on February 8, 1999, with a remaining balance of $174,373.50.

DECIDED SEPTEMBER 10, 2002.

*William M. Wheeler*, for appellants.
*Fowler & Wills, Samuel A. Fowler, Jr.*, for appellee.