## A03A0510. BROWN v. BLUE CROSS BLUE SHIELD OF GEORGIA, INC.
### (581 SE2d 636)

Mikell, Judge.

Bradford G. Brown, M.D., P.C., appeals the trial court's grant of summary judgment to Blue Cross Blue Shield of Georgia, Inc. ("Blue Cross") in this action for fraud, deceit, and injunctive relief. We affirm.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the evidence shows that Bradford G. Brown is the principal physician in Bradford G. Brown, M.D., P.C.[2] Appellee Blue Cross is the claims administrator for the State Benefit Health Plan (the "SBHP"). This action arose because Blue Cross failed to respond to Dr. Brown's requests for information as to why the claims that he submitted on behalf of his SBHP-insured patients were submitted to Blue Cross's medical review procedure. Dr. Brown sent two letters to Blue Cross, one of which requested its policy regarding medical claims review, and the other requested the findings from the medical review of the claims that he filed. Blue Cross did not reply to either letter.

Dr. Brown filed a complaint, alleging that Blue Cross subjected all of his claims to its medical review procedure; that it failed to respond to his demands for its medical review policy and for feedback on his claims, which made it impossible for him to revise the claims

---

[1] (Citation and footnote omitted.) *Phillips v. First Bank of Ga.*, 257 Ga. App. 342 (571 SE2d 410) (2002).

[2] Dr. Brown filed a motion to substitute Bradford G. Brown, M.D., P.C. as the party plaintiff, which was granted.

in accordance with Blue Cross's payment criteria; and that its conduct constituted fraud and deceit and a suppression of material information under OCGA § 51-6-2. Further, Dr. Brown sought compensatory damages of $3,000,000, exemplary damages of $30,000,000, and $100,000 in attorney fees. He also sought injunctive relief, though he did not indicate what conduct he sought to have enjoined. Blue Cross filed a motion for summary judgment, arguing that it had no legal obligation to disclose its internal policies to Dr. Brown and that it was authorized as SBHP's claims administrator to seek external medical review of claims. The trial court agreed and granted the motion.

In its brief, Bradford G. Brown, M.D., P.C. ("Brown") failed to number his enumeration of errors and corresponding arguments.[3] As best we can discern from the brief, Brown argues that a material fact remains as to whether Blue Cross has a written policy for medical claims review, and that if it does not have such a policy, its decision to subject certain claims to medical review is fraudulent. Next, Brown argues that the trial court's conclusion that Brown did not have a confidential relationship with Blue Cross was erroneous. Brown cites three statutes to support its arguments: OCGA §§ 23-2-53, 23-2-58, and 51-6-2.

OCGA § 23-2-53 provides that "[s]uppression of a material fact which a party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." OCGA § 23-2-58 defines a confidential relationship as one,

> whether arising from nature, created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc.

Brown's argument that it has a confidential relationship with Blue Cross is based solely upon its claim that it "is forced by the circumstances of the case to have confidence and trust in defendant to apply its policy for medical claims review fairly." In light of our authority holding that "[t]he mere fact that one reposes trust and confidence in another does not create a confidential relationship"[4] under OCGA

---

[3] We note that in addition to violating Court of Appeals Rule 27 (c) (1) by failing to number its errors and argument, appellant has also violated Rule 27 (a) (1) and (3) and (c) (3) (i). Nonetheless, we exercise our discretion to reach the merits of the case.

[4] (Citation omitted.) *Trulove v. Woodmen of the World Life Ins. Society*, 204 Ga. App. 362, 365 (1) (419 SE2d 324) (1992).

§ 23-2-58, Brown's argument fails. Furthermore, Brown has offered no other evidence or argument that a confidential relationship exists between it and Blue Cross. Thus, Brown's argument that Blue Cross had a duty to produce its policies pursuant to their confidential relationship also fails.

We also find that neither statute cited by Brown supports its argument that there remains an issue of fact as to whether Blue Cross had a written policy. Blue Cross admits that it does not have a written policy, but shows that claims are "reviewed and evaluated for concurrence between such things as the medical history of the member, the diagnosis, the services rendered, the nature of coverage, the records documentation for the claim and the provider rendering the services." Further, it explains that "[i]f a question, problem or non-concurrence arises in regard to any of these areas, a medical review and evaluation is performed." Blue Cross also discusses the reasons why Brown's claims were subjected to medical review in the affidavit filed in support of its summary judgment motion. In the absence of any controverting evidence, we agree that there remains no genuine issue of material fact such as would preclude the entry of summary judgment against Brown.

Lastly, OCGA § 51-6-2 provides as follows:

(a) Willful misrepresentation of a material fact, made to induce another to act, upon which such person acts to his injury, will give him a right of action. Mere concealment of a material fact, unless done in such a manner as to deceive and mislead, will not support an action. (b) In all cases of deceit, knowledge of the falsehood constitutes an essential element of the tort. A fraudulent or reckless representation of facts as true when they are not, if intended to deceive, is equivalent to a knowledge of their falsehood even if the party making the representation does not know that such facts are false.

Brown has failed to cite any record evidence or authority in support of its contention that OCGA § 51-6-2 mandates the reversal of the summary judgment to Blue Cross, and upon consideration, we reject this proposition.[5] Accordingly, we affirm.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

---

[5] See *Gould v. Latorre*, 227 Ga. App. 32, 33 (1) (c) (488 SE2d 116) (1997).

DECIDED APRIL 9, 2003.

*Clifton Boone*, for appellant.
*Michael R. Hurst*, for appellee.